Rockingham
No. 2005-432

JAMES BOYLE, TRUSTEE, 150 GREENLEAF AVENUE REALTY TRUST

v.

CITY OF PORTSMOUTH

Argued: June 14, 2006
Opinion Issued: November 22, 2006

*Wholey & Pelech Law Office*, of Portsmouth (*Bernard W. Pelech* on the brief and orally), for the plaintiff.

*Suzanne M. Woodland*, assistant city attorney, of Portsmouth, by brief and orally, for the defendant.

DALIANIS, J. The plaintiff, James Boyle, Trustee of 150 Greenleaf Avenue Realty Trust, appeals an order of the Superior Court (*McHugh*, J.) affirming a ruling by the zoning board of adjustment (ZBA) of the defendant, City of Portsmouth (city), that he was required to obtain a variance. We reverse and remand.

The following facts appear in the record. The plaintiff operates Portsmouth Toyota, a new and used motor vehicle dealership in Portsmouth. His property is abutted on three sides by residential districts. The ZBA denied the plaintiff's appeal of the code enforcement officer's determination that motor vehicles being offered for sale on the plaintiff's exterior lot constituted "outdoor storage" and, thus, ran afoul of article II, section 10-208 (35) of the city's zoning ordinance, which prohibits outdoor storage within 200 feet of a residential or mixed residential district. The plaintiff appealed to the superior court, which affirmed the ZBA's decision.

On appeal, the only issue is the interpretation of the ordinance, a question of law, which we review *de novo. Duffy v. City of Dover*, 149 N.H. 178, 181 (2003). Because the traditional rules of statutory construction generally govern our review, the words and phrases of an ordinance should be construed according to the common and approved usage of the language. *Id.* Moreover, we will not guess what the drafters of the ordinance might have intended, or add words that they did not see fit to include. *Id.* If the language is plain and unambiguous, we need not look beyond the ordinance itself for further indications of legislative intent. *Motion Motors v. Berwick*, 150 N.H. 771, 773 (2004). Words used with

plain meaning in one part of an ordinance are to be given the same meaning in other parts of the ordinance, unless a contrary intention is clearly shown. *Appeal of Denton*, 147 N.H. 259, 260 (2001) (quotation omitted).

Article II, section 10-208 (35) is part of a permitted uses section of the ordinance which designates whether a particular use is acceptable or not. Article II, section 10-208 (35) is the permitted use designation for motor vehicle dealerships. It allows:

> Motor vehicle sales, renting or leasing, including accessory repair services, for vehicles not requiring tractor registration plates and weighing less than 32,000 pounds; provided, outdoor storage areas are located at least forty feet from the street right-of-way and two hundred feet from any Residential or Mixed Residential district; and, all accessory uses are located within a building.

The ordinance defines "outdoor storage" as:

> Storage of materials on a lot without benefit of a structure with four walls and a roof to protect said material from the elements. This definition shall not be deemed to include the outside storage of junk (regulated separately) or as a temporary structure.

The plaintiff argues that the plain meaning of "materials" does not include motor vehicles. The city counters that motor vehicles fall squarely within the definition of "materials." It contends that motor vehicles are the "materials" necessary for the selling of motor vehicles and that materials include the "tools or the apparatus for the performance of a given task." The city advances "goods," "articles," "merchandise" and "consumer goods" as synonyms.

The term "materials" is not defined in the ordinance. The plain meaning of the noun material(s) is "the basic matter (as metal, wood, plastic, fiber) from which the whole or the greater part of something physical (as a machine, tool, building, fabric) is made." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1392 (unabridged ed. 2002). Under the relevant definition, motor vehicles are not "materials," as they are not "basic matter" from which "the whole or the greater part of something physical ... is made." The nature of materials is that they must be combined with other materials to make a greater whole. A motor vehicle is such a whole.

We find support for our interpretation in other sections of the zoning ordinance, which distinguish between "material" on the one hand and

"vehicles" on the other. For instance, article II, sections 10-209 (38) and (39) refer to outdoor storage of "raw or partially finished material, machinery, equipment and vehicles." The same language appears in the table for airport districts in article II, section 10-210 (32). Material and vehicles are separate entities in the tables for permitted uses. The term material does not subsume vehicles. Thus, under the ordinance, when regulation of vehicles and material is at issue, they are different things.

Although "goods," "articles," "merchandise" and "consumer goods" may be synonymous with "materials" in other contexts, they are not so in the context of this zoning ordinance. The ordinance differentiates "materials" from "goods" in the definitions section of article I. For example, "Industrial Occupancies" is defined in terms of "goods *and* materials as manufactured and produced on [the] premises." (Emphasis added.) Similarly, "Manufacturing Facility" is defined as a "facility for the process or operation of making goods *or* any material produced by hand or machine." (Emphasis added.) The conclusion we reach is based in part upon the plain meaning and common usage of the words "and" and "or" in these sections of the ordinance. *See Merrill v. Great Bay Disposal Serv.*, 125 N.H. 540, 543 (1984). The word "and" is defined as "along with or together with," "added to or linked" and "as well as . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 80 (unabridged ed. 2002). The word "or" is defined as "a function word to indicate an alternative between different or unlike things . . . ." *Id.* at 1585. These definitions alone support the conclusion that separate or alternative classes were created by using the words "and" and "or." *See Merrill*, 125 N.H. at 543.

For all of the above reasons, we reverse the trial court's decision affirming the ZBA's determination that a variance was necessary and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, C.J., and GALWAY, J., concurred; HICKS, J., with whom DUGGAN, J., joined, dissented.

HICKS, J., dissenting. The majority employs a dictionary definition to arrive at the "plain meaning" of the term "materials" to support its conclusion that motor vehicles are not materials subject to the setback requirements for outdoor storage provided in article II, section 10-208(35) of the city's zoning ordinance. The dictionary entry cited, however, contains a number of definitions, one of which I believe supports the city's argument that the term materials means "tools" or "apparatus" for performing a task and that "[t]he 'materials' necessary for the task of a successful car sales operation [are] cars." Thus, unlike the majority, I find

the term "materials" as used in Portsmouth's zoning ordinance to be ambiguous at best.

I believe that in such a case we should show some deference to the zoning board's interpretation of the ordinance. "The administrative construction of [an] ordinance by the zoning authorities . . . [while] neither conclusive nor binding, . . . is entitled to consideration." *Trottier v. City of Lebanon*, 117 N.H. 148, 150 (1977).

As the plaintiff suggests, "one must assume that the code official for the City of Portsmouth made a determination that 'for sale' motor vehicles were 'materials'" for purposes of the definition of "outdoor storage." I believe this "construction effectuates the evident purpose of the zoning ordinance and cannot be said to be erroneous." *Id.* at 151.

In the absence of contrary evidence in the record, I presume that the purposes article II, section 10-208(35) are intended to serve are the promotion of aesthetics and safety, and, if nothing else, to prevent unsightly collections of material in offensive proximity to single family homes. *Cf. Taylor v. Town of Plaistow*, 152 N.H. 142, 145 (2005) (noting trial court finding that the "Town primarily focused on aesthetics, safety and planning concerns when drafting and enacting [a] 1,000-foot buffer between vehicular dealerships"). The zoning board's decision is an appropriate application of the ordinance. Accordingly, I respectfully dissent and would uphold the trial court's affirmance of the zoning board's decision.

DUGGAN, J., joins in the dissent.