NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2014-512


ACCURATE TRANSPORT, INC. & a.

v.

TOWN OF DERRY

Argued: April 22, 2015
Opinion Issued: August 11, 2015


Gottesman & Hollis P.A., of Nashua (Morgan A. Hollis and Bryan J. Townsend II on the brief, and Mr. Townsend orally), for the petitioners.


Upton & Hatfield, LLP, of Concord (Matthew R. Serge on the brief and orally), for the respondent.


CONBOY, J. The respondent, the Town of Derry (Town), appeals a decision of the Superior Court (Wageling, J.) granting the motion for summary judgment filed by the petitioners, Accurate Transport, Inc. (Accurate Transport) and 41 Ashleigh Drive, LLC (Ashleigh Drive), on the basis that an abutter's appeal to the Derry Zoning Board of Adjustment (ZBA) was untimely. We reverse.

The following facts are either undisputed or established by the record. In November 2012, Accurate Transport submitted a preliminary site plan

application to the Derry Planning Board for approval to operate a "Dumpster Depot" business on property owned by Ashleigh Drive. The property is located within the Town's Industrial III zoning district, which permits, among other uses, contractor's yards and freight and trucking terminals.

On November 9, 2012, prior to the Planning Board's review, the Technical Review Committee (TRC) held a meeting to evaluate the proposed site plan. The TRC is comprised of several Town representatives, including the code enforcement officer. The code enforcement officer believed that the proposed use of the property was permitted as both a contractor's yard and a freight and trucking terminal. The TRC approved the proposed plan, and, thereafter, the petitioners filed a formal site plan application with the Planning Board.

The Planning Board held numerous public meetings. During several of the meetings, the Planning Board was advised that the code enforcement officer believed that the proposed use of the property was allowed as both a contractor's yard and a freight and trucking terminal.

On June 19, 2013, the Planning Board, in a seven-to-two decision, voted to accept jurisdiction over the petitioners' site plan application. A member of the Planning Board also moved to approve the application, subject to various conditions; however, the motion was subsequently withdrawn and the matter was continued to August 21.

At the August 21 meeting, the Planning Board voted to approve the petitioner's application subject to several conditions, some of which differed from the conditions proposed on June 19. A written notice of decision was issued on August 28.

On September 13, an abutter to the subject property, John T. O'Connor, filed an application for administrative appeal with the ZBA. His appeal was captioned as an "Explanation of Administrative Appeal of Code Enforcement's Decision to Determine Site is a Contractor's Yard and a Permitted Use for Dumpster Depot." The stated "purpose" of the appeal was "to show that the Code Enforcement Officer's decision was in error . . . when he determined that Dumpster Depot LLC falls under . . . Permitted Uses as a 'Contractors Yard.'"

The ZBA first considered O'Connor's appeal on October 3. To the extent that O'Connor challenged the code enforcement officer's determination regarding the proposed use of the property, the ZBA denied the appeal based upon lack of jurisdiction because it deemed the appeal untimely. However, the ZBA decided that, because the appeal "also contain[ed] timely allegations relating to the Planning Board's" interpretation and/or application of the zoning ordinance in its August 21 decision, it would "convert" O'Connor's

2

appeal to an appeal of that decision, and, therefore, it would construe the appeal as timely.

On November 7, the ZBA held a meeting regarding O'Connor's appeal. After discussing whether the proposed use of the property was allowed in the Town's Industrial III zoning district, the ZBA concluded that the Town's zoning ordinance did not permit the proposed use under any classification. Therefore, the ZBA decided that, by approving the site plan application, the Planning Board "erred in its construction, interpretation and/or application of the [Town's] Zoning Ordinance as it pertains to the subject property."

After unsuccessfully moving for rehearing, the petitioners appealed to the trial court and, subsequently, moved for summary judgment. They argued, in relevant part, that O'Connor's appeal was untimely and that the ZBA lacked authority to treat the appeal as an appeal of the Planning Board's August 21 decision. In an initial order granting the petitioners' summary judgment motion, the trial court noted that the Town's zoning ordinance allowed aggrieved parties 20 days from the date of a decision to appeal to the ZBA. Assuming, without deciding, that "it was proper for the ZBA to re-characterize O'Connor's appeal," the court determined that his appeal was untimely as it was filed on September 13, which was more than 20 days after the Planning Board's August 21 decision. Accordingly, the court concluded that the ZBA had no authority to consider O'Connor's appeal, and, thus, granted the petitioners' motion.

Both parties moved for reconsideration, agreeing that the court erred by misapplying the time standards contained in the Town's zoning ordinance. In its reconsideration order, the court explained that in its initial order, it found that the Town's zoning ordinance allowed 20 days from the date of decision for an aggrieved party to appeal to the ZBA; however, the court agreed with the parties that the ordinance "in fact states that the time is 20 days from a written decision." (Emphasis added.)

Observing that the written decision of the Planning Board was released on August 28, the court noted that O'Connor's appeal (filed September 13) would be timely if he was appealing the final Planning Board site plan approval. However, the court concluded that O'Connor's appeal did not challenge the Planning Board's approval. Rather, the court found that O'Connor's appeal challenged only the code enforcement officer's determination that the proposed use of the subject property was permitted as a contractor's yard. The court decided that the Planning Board accepted the code enforcement officer's interpretation on June 19 when it voted to accept jurisdiction of the appeal. Because that vote was published on July 19, the court concluded that O'Connor had 20 days from July 19 to appeal to the ZBA. Given that his appeal was filed in September, the court determined that it was untimely. This appeal followed.

Judicial review in zoning cases is limited. Brandt Dev. Co. of N.H. v. City of Somersworth, 162 N.H. 553, 555 (2011). Factual findings by the ZBA are deemed prima facie lawful and reasonable, and the ZBA's decision will not be set aside by the superior court absent errors of law unless it is persuaded by the balance of probabilities, on the evidence before it, that the ZBA decision is unlawful or unreasonable. RSA 677:6 (2008). We will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous. Brandt Dev. Co. of N.H., 162 N.H. at 555. The interpretation and application of a statute or ordinance is a question of law, and we review the superior court's ruling on such issues de novo. Id.

As a threshold matter, both parties request that we decide, in the first instance, whether the ZBA erred by "converting" O'Connor's appeal to an appeal of the Planning Board's August 21 decision. Although we do not typically address matters that should be considered by the trial court in the first instance, see, e.g., Bartlett v. Commerce Ins. Co., 167 N.H. ___, ___, 114 A.3d 724, 736 (2015) (declining to decide issue in the first instance), we will address this issue because it involves the statutory authority of the ZBA, which is a question of law. See Cmty. Res. for Justice v. City of Manchester, 154 N.H. 748, 753 (2007) (addressing issues in the first instance to the extent that they involved questions of law).

The petitioners argue that the ZBA "acted unlawfully in 'converting' the appeal" to an appeal of the Planning Board's August 21 decision because no statute grants the ZBA the ability to so act. They contend that, because O'Connor challenged only the code enforcement officer's determination that the proposed use of the property was permitted, the ZBA was not authorized to treat O'Connor's appeal as an appeal of the Planning Board's August 21 decision. We disagree.

Although the petitioners correctly observe that there is no statutory provision that explicitly permits the ZBA to "convert" an appeal, there is also no statute that prohibits the ZBA from taking such action. Moreover, under RSA 674:33 (Supp. 2014), the ZBA has broad authority to hear and decide appeals on subjects within its jurisdiction. See Ouellette v. Town of Kingston, 157 N.H. 604, 610 (2008) (concluding that "the ZBA may hear appeals de novo, based upon the broad powers granted to it by statute"); see also Peabody v. Town of Windham, 142 N.H. 488, 492 (1997) ("The [ZBA] has broad authority on subjects within its jurisdiction."). Because the proper enforcement of zoning ordinances is specifically within the ZBA's jurisdiction, see RSA 674:33, I, the ZBA had authority to address the zoning issues raised in O'Connor's appeal. See Dube v. Town of Hudson, 140 N.H. 135, 138 (1995) (stating that the ZBA "has explicit statutory authority to review the planning board's construction of the zoning ordinance").

4

The ZBA found that O'Connor's appeal "contain[ed] . . . allegations relating to the Planning Board's <u>terms, construction, interpretation and/or application</u> of the zoning ordinance" at the August 21 meeting, and, thus, it decided to consider those allegations. Although the caption and stated purpose of O'Connor's appeal referenced only the code enforcement officer's determination that the proposed use of the property was permitted as a contractor's yard, the body of the appeal referred to, and challenged, actions taken by the Planning Board at the meetings on June 19 and August 21. Given the ZBA's broad authority and the content of O'Connor's appeal itself, we cannot conclude that the ZBA erred by finding that his appeal "contain[ed] . . . allegations relating to the Planning Board's" August 21 decision and by then treating the appeal as an appeal of that decision. The ZBA's use of the term "convert" does not render the substance of its decision improper.

Given the basis of our conclusion as to this issue, we need not address the Town's argument that the ZBA was constitutionally required to assist O'Connor by interpreting his appeal to be a challenge of the Planning Board's decision. See Olson v. Town of Fitzwilliam, 142 N.H. 339, 345 (1997) ("We decide cases on constitutional grounds only when necessary.").

The Town next argues that the trial court erred by concluding that O'Connor's appeal was untimely. The Town asserts that the "court erred by ascribing the date of acceptance [of jurisdiction of the site plan application by the Planning Board] as the operative date from which Mr. O'Connor had to file his appeal because that vote cannot constitute a decision or determination on the merits of the application." Rather, the Town contends that, because August 28 (the date the Planning Board's written August 21 decision was issued) "is the operative date from which an administrative appeal was to be filed, Mr. O'Connor's appeal was timely as he filed within 20 days of [that] date."

Relying primarily upon RSA 676:5 (Supp. 2014) and our decision in Atwater v. Town of Plainfield, 160 N.H. 503 (2010), the petitioners counter that the trial court correctly determined that O'Connor's appeal was untimely as "any decision made by the Planning Board regarding whether the [Dumpster] Depot was a permitted use . . . was made, at the latest, at the June 19, 2013 meeting," when the Planning Board voted to accept jurisdiction over the petitioners' site plan application.

RSA 676:5, III provides, in pertinent part:

> If, in the exercise of subdivision or site plan review, the planning board makes any decision or determination which is based upon the terms of the zoning ordinance, or upon any construction, interpretation, or application of the zoning ordinance, which would be appealable to the board of adjustment if it had been made by

5

the administrative officer, then such decision may be appealed to the board of adjustment under this section . . . .

In Atwater, we observed that the "plain language of RSA 676:5, III, . . . makes clear that when a planning board makes a decision applying or interpreting a zoning ordinance, that decision must be appealed to the zoning board of adjustment pursuant to the procedures set forth for appeals to the board of adjustment under RSA 676:5." Atwater, 160 N.H. at 509. We found that the overall policy and purpose of RSA 676:5, III is best served by interpreting the statute to mean that "a planning board decision about a zoning ordinance is ripe and appealable to the ZBA when such a decision is made." Id. We explained that:

> Zoning determinations are often made by a planning board at the very beginning of the application review process, and subsequent decisions by a planning board are often based upon these zoning determinations. Allowing or requiring parties to wait until a final vote of the board before challenging zoning determinations would be inefficient, and would impose significant hardship on applicants seeking site plan approval. As a practical matter, it makes far more sense to resolve the question of whether a planning board's interpretation or application of the zoning ordinance is accurate as early as possible in the application review process.

Id. at 510.

Applying these principles, we concluded that the petitioners' RSA 676:5 appeal period began to run on the date of the planning board's conditional approval of the site plan application because, on that date, the planning board decided the zoning issue. Id. at 511.

In this case, the Planning Board voted to accept jurisdiction of the site plan application at the June 19 meeting. There was also discussion at that meeting as to whether the proposed use was permitted, and at least one of the two members who voted against accepting jurisdiction expressed the belief that the proposed use was not permitted. After the Planning Board voted to accept jurisdiction of the site plan application, a motion was made to approve the site plan application subject to several conditions. According to the meeting minutes, however, that motion was subsequently withdrawn "in light of the request from the applicant" to modify some of the conditions and "to allow the Board an opportunity to review the proposed conditions." Review of the plan was tabled until the August 21 meeting.

During the August 21 meeting, the Planning Board's discussion focused primarily upon the proposed conditions. After modifying some of the

6

conditions, the Planning Board voted to approve the application subject to the revised conditions.

Given these facts, we do not agree with the petitioners that an appealable decision regarding zoning compliance was made at the June 19 meeting. Although the Planning Board discussed whether the proposed use was permitted at the June 19 meeting, and at least one of the two members who voted against accepting jurisdiction expressed the belief that the proposed use was not permitted, the motion made at that meeting to approve the site plan application was withdrawn. Thus, the only decision made on June 19 was to accept jurisdiction of the site plan application.

According to the plain language of RSA 676:4, I (Supp. 2014), which sets forth the "procedures to be followed by [a] planning board when considering or acting upon a plat or application submitted to it for approval," accepting jurisdiction of a site plan application is merely a procedural prerequisite to a planning board's consideration of the merits of an application. See RSA 676:4, I(b)-(c)(1). The statute provides that, once a planning board determines that an application is complete and sufficient to invoke jurisdiction, "the board shall begin formal consideration and shall act to approve, conditionally approve . . . , or disapprove" the application. RSA 676:4, I(c)(1); see DHB v. Town of Pembroke, 152 N.H. 314, 318 (2005) ("A planning board cannot consider whether to approve an application before it accepts that application as complete.").

By merely accepting jurisdiction of the site plan application on June 19, the Planning Board made no decision regarding zoning compliance. It was not until the August 21 meeting, at which the Planning Board voted to approve the application subject to various conditions, that the Planning Board rendered a zoning determination that was appealable to the ZBA. Cf. Atwater, 160 N.H. at 511 (concluding that decision to conditionally approve site plan application constituted appealable decision regarding zoning issue).

Therefore, we hold that the ZBA did not err by treating O'Connor's appeal as an appeal of the August 21 decision. The trial court found, and the parties do not dispute, that the zoning ordinance provides a 20-day appeal period that begins on the date of a written decision. Accordingly, the 20-day appeal period as to the August 21 decision began to run upon the issuance of the written decision on August 28. Because O'Connor's appeal was filed September 13, it was within 20 days of August 28 and was, thus, timely. The trial court, therefore, erred by concluding otherwise.

Nonetheless, the petitioners contend that when it accepted jurisdiction on June 19, the Planning Board also accepted the code enforcement officer's "decision" that the proposed use was permitted and that this "decision" needed to be timely appealed. See RSA 676:5, II(b) (defining "decision of the

administrative officer" that is appealable to the ZBA to be, in pertinent part, "any decision involving construction, interpretation or application of the terms of the ordinance"). The code enforcement officer, however, never made such a "decision" here. The record reflects that he simply opined that the proposed use was permitted and, thus, he, along with the other members of the TRC, preliminarily approved the use before the petitioners filed a formal site plan application with the Planning Board. As the code enforcement officer recognized during a hearing before the ZBA, his recommendation was not binding as it was ultimately for the Planning Board to decide whether the proposed use was permitted.

The petitioners also assert that the ZBA unlawfully extended the 20-day appeal period by converting the appeal on October 3, more than 20 days beyond any decision. However, in making this argument, the petitioners concede that the 20-day time period is a "procedural deadline for filing an appeal." (Emphasis added.) There is no dispute that O'Connor filed his appeal on September 13, which was within 20 days of August 28. Accordingly, the ZBA's consideration of the appeal outside of the 20-day period is of no consequence.

The petitioners further argue that, "even assuming the ZBA was allowed to convert Mr. O'Connor's appeal and assuming the appeal was timely, the ZBA considered issues outside the scope of Mr. O'Connor's appeal and, as a result, acted unlawfully." According to the petitioners, because O'Connor's appeal "challenged only that the site qualified as a 'Contractor's Yard,'" the ZBA erred by considering whether the proposed use qualified under any other permitted use. We disagree.

As we have determined, the ZBA did not err by finding that O'Connor's appeal contained allegations relating to the Planning Board's August 21 decision approving the site plan application and by then treating the appeal as an appeal of that decision. Even assuming that O'Connor's appeal challenged only whether the site qualified as a contractor's yard, we cannot conclude that, by considering whether the use was potentially permitted under any other zoning classification, the ZBA exceeded its authority. See RSA 674:33. By considering whether the proposed use was permitted under any zoning provision, the ZBA demonstrated its willingness to review the petitioners' request for approval of the proposed use. See id. We cannot conclude that such action constituted legal error.

Finally, the Town argues that the petitioners waived, and failed to preserve, any challenge to the merits of the ZBA's decision that the Town's zoning ordinance did not permit the proposed use and that, therefore, the Planning Board erred by approving the site plan application. We agree. The petitioners did not challenge the merits of the ZBA's decision in their request for rehearing before the ZBA or in their appeal to the trial court. See NBAC

Corp. v. Town of Weare, 147 N.H. 328, 331 (2001) (issue not preserved and deemed waived when plaintiff failed to address it in motion for rehearing before selectmen and raised it for first time in motion for reconsideration filed with trial court).

Reversed.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.