# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0042, <u>James G. Boyle, Trustee of the 150 Greenleaf Avenue Realty Trust v. City of Portsmouth</u>, the court on December 14, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, James Boyle, acting as Trustee of the 150 Greenleaf Avenue Realty Trust, appeals an order of the Superior Court (<u>Honigberg</u>, J.) affirming a ruling by the Zoning Board of Adjustment (ZBA) for the defendant, City of Portsmouth (City), that he is required to obtain a variance. We affirm.

The following facts appear in the trial court's orders or are otherwise supported by the record. The plaintiff owns and operates an auto dealership on an approximately 14-acre parcel located in Portsmouth (the Property). The Property has been the subject of considerable prior litigation.

At issue in this appeal is the plaintiff's site plan application to develop a second auto dealership on the Property, which the plaintiff originally submitted to the City in 2009. The site plan proposes parking and display of vehicles within 200 feet of a residential zoning district. The City's consideration of the application was suspended due to other litigation between the parties regarding the Property. After the conclusion of that litigation, the plaintiff in 2020 "reviv[ed]" his 2009 site plan application. The City's planning director determined that this revived application would be subject to a version of the ordinance enacted in 2006 (the 2006 ordinance) that was in effect when the site plan application was originally filed in 2009.[1] The 2006 ordinance identified motor vehicle sales as a permitted use provided that "areas for parking, display, and/or storage of vehicles, equipment, goods or materials are located at least" 200 feet from any residential or mixed residential district. After reviewing the plaintiff's revived application, the planning director concluded that the plaintiff would need to obtain a variance from the 200-foot buffer requirement.

---

[1] To provide a clear timeline of events and analysis, we have chosen to refer to the two versions of the zoning ordinance at issue in this appeal by different shorthand (2004 ordinance and 2006 ordinance) than did the trial court and the parties (2006 ordinance and 2009 ordinance).

The plaintiff unsuccessfully appealed that decision to the ZBA. He then appealed the ZBA's decision to the superior court. The superior court upheld the ZBA's decision that the plaintiff would need a variance from the 200-foot buffer requirement. It determined that the ZBA did not err when it applied the 2006 ordinance to the plaintiff's application and concluded that the ordinance was not enacted in retaliation for a prior lawsuit brought by the plaintiff against the City. The court also rejected the plaintiff's argument that a 2007 superior court order, issued in response to his motion to enforce or for contempt in the context of a prior litigation (the 2007 order), had "definitively resolve[d] the question of whether Plaintiff needed a variance from the requirements of the [2006] ordinance." The court construed the 2007 order as limited to the interpretation and application of a previous version of the ordinance — not the 2006 ordinance applicable to the pending application — and therefore found the 2007 order inapposite. Finally, the trial court concluded that the record supports the ZBA's implicit finding that the plaintiff's proposed use is not a preexisting nonconforming use. The plaintiff filed a motion to reconsider, which the trial court denied. This appeal followed.

Judicial review in zoning cases is limited. Accurate Transp., Inc. v. Town of Derry, 168 N.H. 108, 112 (2015). Factual findings by the ZBA are deemed prima facie lawful and reasonable, and the ZBA's decision will not be set aside by the superior court absent errors of law unless it is persuaded by the balance of probabilities, on the evidence before it, that the ZBA's decision is unlawful or unreasonable. Id.; see RSA 677:6 (2016). Our review of the superior court's decision, in turn, is also limited: we will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous. Accurate Transp. Inc., 168 N.H. at 112.

The plaintiff clarified at oral argument that the primary issue on appeal is the interpretation of the 2007 superior court order. The plaintiff argues that this order establishes that he does not need a variance from the 200-foot buffer requirement for the current project. We disagree.

The interpretation of a court order is a question of law, which we review de novo. In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008). In construing a court order, we look to the plain meaning of the words used in the document. Id. at 703. We read subsidiary clauses so as not to conflict with the primary purpose of the trial court's decree. Id. We also construe a court order "with reference to the issues it was meant to decide." Id.

Before turning to the language of the 2007 order itself, we provide the context in which the 2007 order was issued. In 2004, the City reviewed a prior site plan application submitted by the plaintiff concerning the Property and determined that, under the zoning ordinance in effect at that time, the plaintiff had to obtain a variance in order to park vehicles within 200 feet of a residential district. The ordinance in effect at that time (the 2004 ordinance)

2

identified motor vehicle sales as a permitted use provided that "outdoor storage areas" not be located within 200 feet of residential or mixed residential districts. The plaintiff challenged the City's decision and that dispute reached this court in Boyle v. City of Portsmouth, 154 N.H. 390 (2006). On appeal, we interpreted the "outdoor storage" language of the 2004 ordinance as not encompassing parked vehicles, and we therefore held that the plaintiff did not need a variance to store vehicles within the 200-foot buffer zone. Boyle, 154 N.H. at 391-92.

Meanwhile, in 2006 during the pendency of the Boyle appeal, the City amended the relevant provision of the zoning ordinance. The amendment removed the "outdoor storage" language and replaced it with the language of the 2006 ordinance: motor vehicle sales are a permitted use provided that "areas for parking, display, and/or storage of vehicles, equipment, goods or materials are located at least" 200 feet from any residential or mixed residential district.

In 2007, on remand from Boyle, the superior court issued an order stating that, based on the Boyle decision, the 2004 ordinance did not prohibit the plaintiff from parking vehicles within the 200-foot buffer zone. That same year, the plaintiff submitted a new site plan application that also proposed parking vehicles within the 200-foot buffer zone. The City attempted to block that project, asserting that Boyle applied only to already paved portions of the Property and that any other areas included in the new application were subject to the recently amended 2006 version of the ordinance. In response, the plaintiff filed a motion to enforce and motion for contempt, arguing that the Boyle decision applied to the entire Property.

The superior court ruled upon the plaintiff's motion to enforce or for contempt in the 2007 order upon which the plaintiff relies in this appeal. The order provides in relevant part:

> [T]he Supreme Court's decision [in Boyle] is broad enough to include the parking of vehicles in an area where the plaintiff is desirous of parking them. Thus the plaintiff does not need permission from the Zoning Board in order to park vehicles in an area designated on a plan submitted to the [City] back in 2004. . . .
>
> The City of Portsmouth is ordered to accept the plaintiff's site plan review application and act thereon. The so-called "outdoor storage" ordinance is not a bar to the plaintiff parking vehicles in an area set forth on his plan. However the within Order is strictly limited to the application of the language in the ordinance concerning "outdoor storage."

3

On appeal, the plaintiff contends that this order establishes that the entire Property is exempted from the 200-foot buffer requirement of the 2004 ordinance "regardless of [a subsequent] amendment" to the ordinance. Reading the plain language of the 2007 order in the context of the record before us, we disagree. Boyle concerned the interpretation of the "outdoor storage" language in the 2004 ordinance as applied to a 2004 site plan. See Boyle, 154 N.H. at 391. Similarly, the 2007 order concerned the application of the 2004 ordinance: the superior court concluded that the 2004 ordinance applied and did not preclude the plaintiff from parking vehicles in the areas identified in his 2007 application. The order does not explain why the court determined that the 2004, and not the 2006, ordinance applied to the then pending 2007 application. It does, however, indicate that the plaintiff's 2007 request sought to "park vehicles in an area designated on a plan submitted to the [City] back in 2004" — that is, the 2004 site plan. Thus, because the 2007 request sought to park vehicles in the same areas as designated on the 2004 plan, we conclude that the trial court applied the 2004 ordinance to the 2007 request.

In short, we read the 2007 order as establishing a limited ruling: the 2004 ordinance, as interpreted in Boyle, did not prohibit the plaintiff from parking vehicles in areas set forth in the site plan the plaintiff submitted to the City in 2007. By contrast, at issue here is the applicability of the 2006 ordinance to a 2009 site plan application. Neither by its plain text, nor when read in reference to the record before us, does the 2007 order decide this question.

The plaintiff has not identified any evidence in the record that supports a different reading of the 2007 order. Although the plaintiff makes assertions about the issues or arguments that were before the trial court in 2007 that might provide useful context, the record does not include the pleadings or a record of the hearing that led to the 2007 order. Nor does the record include the plaintiff's 2004 or 2007 site plan applications such that we could determine whether those plans proposed parking within the 200-foot buffer zone on the "entire parcel." See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) ("It is the burden of the appealing party . . . to provide this court with a record sufficient to decide [his] issues on appeal . . . ."). Accordingly, we conclude that the trial court in this appeal did not err in its interpretation of the 2007 order.

We next address the plaintiff's arguments that the trial court erred when it upheld the ZBA's implicit finding that the plaintiff's proposed use of the Property is not a preexisting nonconforming use. He first argues that the trial court's ruling is contrary to the 2007 order because that order established that the entire Property is exempted from the 200-foot buffer requirement. We have already addressed and rejected the premise of that argument.

The plaintiff also contends that the ZBA's implicit finding that his proposed use was not a preexisting nonconforming use is not supported by the

4

record.  A nonconforming use is a lawful use that existed prior to the adoption of a zoning ordinance prohibiting such use and that does not conform to the requirements of the ordinance.  Dartmouth Corp. of Alpha Delta v. Town of Hanover, 169 N.H. 743, 750 (2017).  To qualify for the protections afforded to nonconforming uses, the party seeking that protection must show that the use lawfully existed at the time the restriction was adopted and that it has continually existed since that time.  Id. at 751.  The nonconforming use here is the parking of vehicles within 200 feet of a residential district.  Thus, the plaintiff had to prove that, since before the enactment of the 2006 ordinance, he has been parking vehicles within the 200-foot buffer zone in the areas proposed for development in the 2009 site plan.  See id.

The record supports the ZBA's implicit conclusion that the plaintiff did not meet this burden.  See Smith v. Lillian V. Donahue Trust, 157 N.H. 502, 508 (2008) (stating that, in the absence of an express finding, we assume the tribunal made all subsidiary findings necessary to support its decision).  Although the plaintiff represented to the ZBA that he has "used all of the property, paved and unpaved portions, for an auto use" since 2004, there is also contrary evidence in the record.  Specifically, the existing conditions plan submitted with the 2009 application depicts several manmade ditches and a swale in areas the plaintiff proposes to pave and park vehicles.  Accordingly, there is evidence upon which the ZBA could have reasonably concluded that the plaintiff's purported nonconforming use did not pre-date the 2006 ordinance nor continue until he submitted the 2009 application.  We find no error in the trial court's decision.  See Dartmouth Corp. of Alpha Delta, 169 N.H. at 750.

Finally, the plaintiff argues that the trial court erred in upholding the City's decision to apply the 2006 ordinance to his 2009 application.  At oral argument, the plaintiff waived his argument that there were procedural defects in the enactment of the 2006 ordinance, but maintained that the ordinance is invalid because it was enacted in retaliation for his prior lawsuit against the City.  "[A] bad faith or discriminatory enactment of a zoning ordinance for the purpose of preventing a legal use by an applicant . . . may confer vested rights on the applicant."  PMC Realty Trust v. Town of Derry, 125 N.H. 126, 132 (1984) (quotation omitted).  However, here, the trial court found that there was evidence in the record to support the ZBA's determination that the City's amendment of the ordinance in 2006 was not motivated by bad faith or discrimination.  Based upon our review of the record, we agree.  An attorney for the City represented to the ZBA that the Boyle litigation had brought to light a potential lack of clarity in the prior version of the ordinance and that the 2006 amendment was intended "to remove any ambiguity about" the scope of the ordinance.  Conversely, the plaintiff has not identified any specific evidence of bad faith or discriminatory motive.  Additionally, to the extent that the plaintiff relies on Rall v. Town of Belmont, 138 N.H. 172 (1993) and RSA 676:12, V (2016) in support of his retaliation argument, we find those authorities

5

inapplicable under these circumstances.  See Rall, 138 N.H. at 173-76 (interpreting "grandfather protection" provision of prior version of RSA 676:12).  We conclude that the trial court's decision regarding the alleged retaliation was supported by the record and not legally erroneous.  See Accurate Transp. Inc., 168 N.H. at 112.

Affirmed.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,**
**Clerk**