NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Housing Appeals Board
Case No. 2023-0346
Citation: Appeal of Town of Hollis, 2024 N.H. 27

APPEAL OF TOWN OF HOLLIS
(New Hampshire Housing Appeals Board)

Argued: April 23, 2024
Opinion Issued: May 24, 2024

Cronin, Bisson & Zalinsky, P.C., of Manchester (Christopher B. Drescher on the brief and orally), for the Town of Hollis.

Winer and Bennett, LLP, of Nashua (J. Bradford Westgate and Barbara W. Halevi on the brief, and J. Bradford Westgate orally), for the applicants.

MACDONALD, C.J.

[¶1] The Town of Hollis (Town) appeals an order of the Housing Appeals Board (HAB) reversing the Town's Planning Board's decision finding incomplete the applicants', Raisanen Homes Elite, LLC and Toddy Brook Investments, LLC, subdivision application proposing to construct forty units of housing for older persons. We affirm.

I.    Background

[¶2] The record supports the following facts.  In May 2020, the applicants began a conceptual discussion of the project with the Town.  See RSA 676:4, II(a) (2016).  In June, the project advanced to the design review phase.  See RSA 676:4, II(b) (2016).  In September 2021, the planning board voted to end design review.  In August 2022, the applicants submitted a final subdivision application for the project with the planning board.  The application included a completed application form and checklist provided by the Town along with associated materials.  In September, the planning board discussed the application at its meeting.  Before opening the matter up for public comment or comment from the applicants, the planning board entertained a motion to accept the application as complete.  The motion failed unanimously.

[¶3] The planning board issued a written letter of denial identifying three "findings of fact" in support of its decision: (1) failure to comply with the general standards of the Hollis Zoning Ordinance related to housing for older persons; (2) failure to provide a detailed water supply report; and (3) failure to comply with subdivision regulations related to road and driveway design standards. (Bolding and capitalization omitted.)  The applicants appealed the planning board's decision to the HAB.

[¶4] The HAB concluded that the planning board unlawfully denied the application as incomplete.  The HAB found that "the record in this appeal reveals that the Applicant completed the subdivision application and checklist provided by the Town."  Accordingly, the HAB reversed the planning board's decision to deny the application as incomplete.  This appeal followed.

II.    Analysis

[¶5] When reviewing a planning board's decision, the HAB must uphold the decision unless there was an error of law or the HAB is persuaded by the balance of probabilities that the decision was unreasonable.  Appeal of Chichester Commons, 175 N.H. 412, 415 (2022).  The party seeking to set aside the board's decision bears the burden of proving that the decision was unlawful or unreasonable.  Id. at 415.  The HAB must treat the planning board's factual findings as prima facie lawful and reasonable.  Id.  The HAB's review is to determine not whether it agrees with the planning board's findings, but, rather, whether there is evidence in the record upon which the planning board could have reasonably based its findings.  See id. at 415-16.

[¶6] Our review of the HAB's decision is governed by RSA chapter 541. See RSA 679:15 (Supp. 2023).  We will not set aside the HAB's order unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable.  Chichester Commons, 175 N.H. at 416.  The HAB's factual

findings are presumed to be prima facie lawful and reasonable. Id. When reviewing the HAB's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but, rather, to determine whether the HAB's findings are supported by competent evidence in the record. Id. When, as here, the HAB relied upon the record and made no independent factual findings, our review is limited to determining whether the record supports the HAB's decision. Id.

[¶7] On appeal, the Town argues that the design review phase "is on trial" and that it was appropriate for the planning board "to consider some level of substantive review to ensure zoning compliance" prior to accepting an application as complete. These arguments, however, have no bearing on the issue of whether the planning board lawfully determined the application to be incomplete or whether the HAB's reversal of the planning board's decision was unjust or unreasonable.

[¶8] Under New Hampshire law, "[t]he planning board shall specify by regulation what constitutes a completed application sufficient to invoke jurisdiction to obtain approval." RSA 676:4, I(b) (2016 & Supp. 2023). "A completed application means that sufficient information is included or submitted to allow the board to proceed with consideration and to make an informed decision." Id. "[D]etermining whether an application is 'complete' is an administrative task by which a planning board ensures only that the applicant has provided sufficient information to allow the board to proceed with consideration and to make an informed decision as to whether the proposed development satisfies basic requirements." CBDA Dev., LLC v. Town of Thornton, 168 N.H. 715, 721-22 (2016) (quotation and ellipsis omitted). The Town's subdivision regulation Section 11.F provides that a complete application "shall mean an application submitted to the [planning board] for the purpose of land subdivision, and containing all submissions and fees as required in Section III., Subdivision Procedure; and as noted in the Subdivision Checklist located in the Appendix."

[¶9] Based on these requirements, we conclude that the record supports the HAB's determination that the applicants "completed the subdivision application and checklist provided by the Town" consistent with RSA 676:4, I(b) and the Town's subdivision regulations. See Accurate Transp., Inc. v. Town of Derry, 168 N.H. 108, 115 (2015) (explaining that "accepting jurisdiction of a site plan application is merely a procedural prerequisite to a planning board's consideration of the merits of an application"). Accordingly, the HAB's order — finding that the planning board's decision to deny the application as

3

incomplete was unlawful — is not unjust or unreasonable.  <u>See</u> RSA 541:13 (2021).  Therefore, we affirm.

<u>Affirmed</u>.

BASSETT, HANTZ MARCONI, DONOVAN, and COUNTWAY, JJ., concurred.