# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

## In Case No. 2018-0605, <u>Koleen Crawford & a. v. Town of Gilford</u>, the court on May 31, 2019, issued the following order:

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioners, Koleen Crawford and Ryan Crawford (abutters), appeal an order of the Superior Court (<u>O'Neill</u>, J.) dismissing, on the basis that the court lacked jurisdiction, their challenge to a decision of the zoning board of adjustment (ZBA) for the Town of Gilford that had upheld certain conditions on a site plan requested by the intervenors, Martina Howe and Andrew Howe (farmers). On appeal, the abutters contend that the trial court erred by concluding that the most recent appealable decision regarding whether the farmers' proposed use was permitted by the town's zoning ordinance was made by the town's planning board on February 8, 2016.

Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleadings sufficiently establish a basis upon which relief may be granted. <u>Atwater v. Town of Plainfield</u>, 160 N.H. 503, 507 (2010). In making this determination, the court normally accepts all facts pleaded by the plaintiff as true and views those facts in the light most favorable to the plaintiff. <u>Id</u>.

However, when the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, asserts that a claim should be dismissed because the trial court lacked jurisdiction due to the plaintiff's failure to exhaust her administrative remedies, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based upon the facts, whether the plaintiff has sufficiently demonstrated a right to relief. <u>Id</u>. We will uphold a trial court's ruling in such a case unless its decision is not supported by the evidence or is legally erroneous. <u>Id</u>.

In December 2015, the ZBA reversed the planning board's decision that the farmers' proposed use of their property was not permitted by the town's zoning ordinance. <u>See</u> RSA 676:5, III (2016). A neighbor appealed the ZBA's decision that the use was permitted to the superior court. <u>See</u> RSA 677:4 (2016). The abutters did not participate in that appeal.

On February 8, 2016, while the appeal was pending, the planning board approved the farmers' site plan, subject to 19 conditions, including that "the

court of final jurisdiction" affirm the ZBA's December 2015 decision that the farmers' proposed use was permitted. The neighbor also appealed the planning board's February 8, 2016 decision to the superior court, which affirmed it on July 28, 2016, on the grounds that it was lawful and reasonable. The abutters continued not to participate in this appeal. However, despite upholding the planning board's conditional site plan approval, on February 14, 2017, the superior court reversed the ZBA's December 2015 decision; the superior court concluded that the farmers' use was not permitted. The farmers appealed that decision to this court in 2017.

After the 2017 appeal was filed, the parties to that appeal reached a final settlement agreement that required that: (1) the planning board add certain conditions to the approved site plan; and (2) we vacate the superior court's decision that had ruled that the farmers' use was not permitted. In December 2017, we granted the abutters' motion to intervene "to the limited extent of allowing them to participate for the purpose of opposing the provision in the Final Agreement & Docket Markings that would vacate the superior court's [February 14, 2017] decision."

Before presenting the final mediation agreement to us, the farmers submitted the negotiated additional site plan conditions to the planning board, which approved them on October 16, 2017. The planning board's minutes of that meeting reflect no discussion regarding whether the use was permitted. In March 2018, we accepted the final mediation agreement and vacated the superior court's February 14, 2017 decision.

In November 2017, the abutters appealed the planning board's October 16, 2017 decision to the ZBA; the ZBA postponed a decision until we issued our March 2018 order vacating the superior court's February 14, 2017 decision. On April 24, 2018, the ZBA denied the abutters' appeal on the grounds that: (1) any appeal of the planning board's February 8, 2016 conditional approval of the farmers' site plan, which reflected a decision that the zoning ordinance permitted the farmers' use, was untimely; (2) any appeal of the planning board's October 16, 2017 decision was limited to the additional conditions imposed as a result of the final mediation agreement, none of which related to the zoning ordinance; and (3) we had vacated the superior court's February 14, 2017 decision that the farmers' proposed use was not permitted.

The abutters appealed the ZBA's decision to the superior court, which concluded that it lacked subject matter jurisdiction because "the [planning board's] October 16, 2017 decision was not a new use decision, and therefore not . . . appealable . . . to the ZBA" and because "[t]he last use decision in this case was the [planning board's] February [8], 2016 decision," which the abutters had not appealed. This appeal followed.

2

The abutters state that "this case boils down to a simple question": whether "a planning board always make[s] a use decision whenever it approves a site plan application or a revised site plan application, either explicitly or implicitly." In previous cases, we have answered this question in the negative. Read together, RSA 677:15, I (2016) and RSA 676:5, III establish two separate avenues of appeal from a planning board's decision, depending upon the nature of the claim. Atwater, 160 N.H. at 508. A party may appeal planning decisions directly to the superior court pursuant to RSA 677:15, I. Id. at 509. However, when the planning board makes a decision "based upon the terms of the zoning ordinance, or upon any construction, interpretation, or application of the zoning ordinance," RSA 676:5, III, such as a decision that an ordinance permits a use, a party must first appeal that decision to the zoning board of adjustment pursuant to RSA 676:5, III. Id.; accord Saunders v. Town of Kingston, 160 N.H. 560, 564 (2010). This bifurcated appellate procedure presupposes that not all planning board decisions constitute permitted use decisions.

The abutters argue that, because the planning board's February 8, 2016 approval of the farmers' site plan was conditional, and the conditions allegedly were not satisfied, it was not appealable at that time. However, a planning board decision about a zoning ordinance is ripe and appealable to the ZBA when such a decision is made. Atwater, 160 N.H. at 509. Such decisions do not contemplate additional action on the part of the town; rather, they conclusively determine the issue of permitted use at the planning board level. Saunders, 160 N.H. at 564. Thus, such decisions or determinations are final, for purposes of appeal, when made. Id.

Because planning boards often make zoning determinations at the very beginning of the application review process and their subsequent decisions are often based upon these zoning determinations, allowing parties to wait until the planning board's final vote before challenging zoning determinations would be inefficient. Accurate Transp., Inc. v. Town of Derry, 168 N.H. 108, 114 (2015). It is more practical to resolve whether a planning board's interpretation of a zoning ordinance is accurate as early as possible in the application review process. Id. Thus, such decisions are immediately appealable to the ZBA under RSA 676:5, III and further to the superior court, RSA 677:4. Saunders, 160 N.H. at 564. A planning board's use decision is immediately appealable even when conditions precedent, which did not implicate any issue appealable to the ZBA, were imposed upon final site plan approval. Atwater, 160 N.H. at 511.

The abutters argue that the superior court's February 14, 2017 order, ruling that the farmers' use was not permitted, "nullified" the planning board's February 8, 2016 decision conditionally approving the site plan. However, although in appropriate cases a trial court may order that a final order remain in effect during the pendency of an appeal, the general rule is that timely appealing a trial court's final order stays it from taking effect. Gray v. Kelly, 161 N.H. 160, 167-68 (2010) (addressing when time to retrieve property began); accord In the

3

Matter of Eckroate-Breagy & Breagy, 170 N.H. 247, 250 (2017) ("generally a decree issued by the trial court does not go to final judgment if a timely appeal is taken").  Thus, contrary to the abutters' contention, when the farmers returned to the planning board for approval of the final mediation agreement's additional conditions, the superior court's February 14, 2017 order was not "the controlling law" and the farmers did not make "a reapplication for site plan approval."

The abutters contend that the farmers "jumped the gun" by seeking the planning board's approval of the additional conditions in the mediation agreement before presenting the agreement to us and that they misrepresented to the planning board that we had "kicked it back" and that the use was "no longer in question."  However, in September 2017, we issued an order acknowledging that the mediation agreement required the farmers to obtain the planning board's approval of the additional conditions to the site plan before presenting the mediation agreement to us.

To the extent that the abutters contend that the planning board's October 16, 2017 decision was an appealable use decision, they acknowledge that at that hearing the planning board did not specifically discuss or vote upon whether the use was permitted.  They do not cite, nor are we aware of, any authority that such a decision is an appealable use decision.  Cf. Atwater, 160 N.H. at 508-09.  On this record, we conclude that the trial court's decision that it lacked subject matter jurisdiction given the untimeliness of the appeal is supported by the record and not legally erroneous.  Id. at 507.

The farmers' request in their brief for attorney's fees is unclear.  To the extent that they are contesting the trial court's implicit denial of their request for attorney's fees, they failed to file a cross-appeal.  See Sup. Ct. R. 7(5).  To the extent that they are requesting fees in connection with this appeal, we deny the request without prejudice to their right to seek fees pursuant to Supreme Court Rule 23.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

4