NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2021-0410

RICHARD ANTHONY & a.

v.

TOWN OF PLAISTOW

Argued: February 23, 2023
Opinion Issued: May 16, 2023

Law Offices of Kelly E. Dowd, PLLC, of Keene (Kelly E. Dowd on the brief and orally), for the plaintiffs.

Wadleigh, Starr & Peters, PLLC, of Manchester (Charles F. Cleary and William P. Reddington on the brief, and Charles F. Cleary orally), for the defendant.

Sulloway & Hollis, P.L.L.C., of Concord (Derek D. Lick on the brief and orally), for the intervenor.

DONOVAN, J. The plaintiffs, Richard and Sanaz Anthony, appeal from an order of the Superior Court (Wageling, J.) affirming a decision of the Town of

Plaistow's (Town) Planning Board granting site plan approval for the development and consolidation of two lots by the intervenor, Milton Real Properties of Massachusetts, LLC. On appeal, the plaintiffs argue that the superior court erred by: (1) ruling that it lacked subject matter jurisdiction to address the plaintiffs' argument that the proposed use was not permitted in the zoning district; (2) finding that the planning board made a sufficient regional impact determination pursuant to RSA 36:56 (2019); and (3) ruling that the planning board's decision granting site plan approval was otherwise lawful and reasonable. We conclude that the superior court did not err in dismissing the plaintiffs' zoning argument, in concluding that the planning board acted reasonably when it implicitly found that the project would not have a regional impact, and in finding that the planning board's decision was otherwise lawful and reasonable. Accordingly, we affirm.

## I. Facts

We begin by noting that this appeal is part of a long-litigated dispute between the plaintiffs and the Town regarding the intervenor's proposed development of property abutting the plaintiffs' home. The plaintiffs have previously appealed the planning board's decisions related to this project to the superior court on three separate occasions. The plaintiffs, however, appealed only one of those superior court rulings to this court, which is the subject of this appeal.

### A. The Planning Board's Review of the Intervenor's Application

The following facts are recited in the trial court's order or are derived from the contents of documents in the record. In January 2019, the intervenor applied to the planning board for permission to consolidate two adjacent lots in the Town's commercial zoning district and build a construction equipment rental and maintenance facility, a wash building, and an equipment display and storage area. The plaintiffs reside on property abutting the intervenor's property. On February 6, 2019, a Town code enforcement officer issued a written decision (hereinafter, "zoning determination") that the proposed use involved equipment rental and constituted a permissible retail use in the commercial zoning district. Although abutters, including the plaintiffs, expressed their disagreement with this zoning determination to the planning board, the plaintiffs never directly appealed the code enforcement officer's determination.

The planning board's review of the application continued through June 2019. The planning board retained an engineering firm, Keach-Nordstrom Associates (KNA), to review the proposal and offer recommendations. Between March and June, KNA provided the planning board with four separate peer reviews of the intervenor's proposed site plan. The intervenor responded to the peer reviews and adjusted its site plan accordingly. Additionally, the planning

2

board held four public hearings and conducted a site walk. At each hearing, members of the public had the opportunity to express their concerns with the proposal, and the intervenor responded to concerns from the planning board, KNA, and abutters. The Town Conservation Commission also held three meetings on the site plan, reviewed the application, and reported its concerns to the planning board.

### B. Plaintiffs' First Appeal to Superior Court from the Planning Board's Conditional Decision

At the public hearing in June 2019, the planning board conditionally approved the intervenor's site plan application. None of the conditions upon which this approval was premised implicated the code enforcement officer's zoning determination that the proposed use is permitted under the zoning ordinance. Thus, by conditionally approving the project, the planning board adopted the code enforcement officer's zoning determination.

The plaintiffs appealed the planning board's decision directly to the superior court, arguing, in part, that the decision violated the Town's zoning ordinance. In May 2020, the Superior Court (Schulman, J.) concluded that the planning board's decision on the site plan was conditional, and, therefore, the court lacked jurisdiction over the appeal. The court then remanded the matter to the planning board without addressing the merits of the appeal. The court later clarified its order and explained that it lacked jurisdiction to adjudicate the zoning issue until the Town's Zoning Board of Adjustment (ZBA) rendered a decision. There is no indication in the record that the plaintiffs appealed this decision.

### C. Plaintiffs' Appeal to Superior Court from the ZBA

In June 2020, the planning board issued a final decision approving the intervenor's site plan application. The following month, the plaintiffs brought two separate appeals challenging this decision: one to the ZBA and one to the superior court. First, the plaintiffs appealed to the ZBA challenging the merits of the planning board's determination that the project was a permitted use in the zoning district. The ZBA dismissed the appeal for lack of jurisdiction because it was untimely. After the plaintiffs' motion for rehearing was denied, they appealed the ZBA's decision to the superior court, and the Town moved to dismiss. In March 2021, the Superior Court (Wageling, J.) granted the motion and dismissed the appeal. The court concluded that the plaintiffs' appeal to the ZBA was untimely, and, therefore, both the ZBA and the court lacked subject matter jurisdiction. The plaintiffs moved for reconsideration, which the court denied on April 12, 2021. The town and the intervenor contend, and the plaintiffs do not dispute, that the plaintiffs did not appeal the court's decision, which became a final judgment in May 2021. See Super. Ct. R. 46(d).

### D. Plaintiffs' Appeal to Superior Court from the Planning Board's Final Decision

As noted above, concurrent with the ZBA appeal, the plaintiffs appealed the planning board's final approval of the site plan to the superior court. The plaintiffs argued, inter alia, that the planning board's decision violated the zoning ordinance, failed to make a regional impact determination pursuant to RSA 36:56, and was otherwise unreasonable with respect to protections for abutting residential properties. In July 2021, the Superior Court (Wageling, J.) affirmed the planning board's decision. As to the plaintiffs' renewed claim that the site plan approval violated the zoning ordinance, the court found that it lacked subject matter jurisdiction to review the issue. The court relied upon its March 2021 ruling that the plaintiffs' appeal to the ZBA was untimely and thus the plaintiffs did not "exhaust their administrative remedies with the ZBA" to vest the superior court with subject matter jurisdiction. Further, the court concluded that the planning board "implicitly found that there was no potential for regional impact" and, in doing so, complied with RSA 36:56. Finally, the court found that the planning board reasonably "considered [the] abutters' concerns and interests, and that those concerns were incorporated into the final site plan." The plaintiffs moved for reconsideration, which the court denied. This appeal followed.

### II. Analysis

### A. Jurisdictional Challenges

We begin by addressing the plaintiffs' argument that the superior court erred in not addressing the zoning issue based on a lack of jurisdiction and their assertion that the issue was properly before the court pursuant to RSA 677:15, I-a (2016). Resolving this issue requires the consideration of two related statutory provisions: RSA 677:15 governing appeals from a planning board to the superior court, and RSA 676:5 (2016) governing appeals to a zoning board of adjustment. RSA 677:15, I, provides, in pertinent part:

> Any persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior court a petition, duly verified, setting forth that such decision is illegal or unreasonable in whole or in part and specifying the grounds upon which the same is claimed to be illegal or unreasonable. Such petition shall be presented to the court within 30 days after the date upon which the board voted to approve or disapprove the application . . . . This paragraph shall not apply to planning board decisions appealable to the board of adjustment pursuant to RSA 676:5, III.

In turn, RSA 676:5, III sets forth procedures for appeals to a board of adjustment. It provides, in pertinent part:

4

If, in the exercise of subdivision or site plan review, the planning board makes any decision or determination which is based upon the terms of the zoning ordinance, or upon any construction, interpretation, or application of the zoning ordinance, which would be appealable to the board of adjustment if it had been made by the administrative officer, then such decision may be appealed to the board of adjustment under this section . . . .

"Read together, RSA 677:15, I, and RSA 676:5, III establish two separate avenues of appeal from a decision of the planning board, depending upon the nature of the claim." Atwater v. Town of Plainfield, 160 N.H. 503, 508 (2010). A party may appeal planning board decisions "concerning a plat or subdivision" directly to the superior court pursuant to RSA 677:15, I. RSA 677:15, I; see also Atwater, 160 N.H. at 509. When the planning board makes a decision, however, "based upon the terms of the zoning ordinance, or upon any construction, interpretation, or application of the zoning ordinance," a party must first appeal that decision to the zoning board of adjustment pursuant to RSA 676:5. RSA 676:5, III; see also RSA 677:15, I-a(a); Atwater, 160 N.H. at 509. "Only after the board of adjustment has rendered a decision may the issue be appealed to the superior court pursuant to RSA 677:4." Atwater, 160 N.H. at 509. The effect is that "[w]hen a party is aggrieved by a planning board decision that interprets both planning regulations and zoning ordinances and wishes to appeal issues involving both, the party is obligated to file separate appeals with the superior court and the zoning board of adjustment." Route 12 Books & Video v. Town of Troy, 149 N.H. 569, 576 (2003); see Hoffman v. Town of Gilford, 147 N.H. 85, 88-89 (2001).

Here, the plaintiffs adhered to this bifurcated approach following the planning board's final decision in June 2020 approving the intervenor's site plan application. First, they appealed to the ZBA, challenging the site's zoning status as a permissible retail use in the commercial zoning district. See RSA 676:5, I, III. The ZBA, however, did not reach the merits of the zoning issue and dismissed the appeal for lack of jurisdiction because it was untimely. The plaintiffs then appealed from the ZBA to the superior court. See RSA 677:4; see also RSA 677:15, I-a(a). In a March 2021 order, the court affirmed the ZBA's decision and concluded that the court also lacked jurisdiction to hear the appeal because the plaintiffs did not exhaust their administrative remedies by timely filing their appeal to the ZBA. See RSA 676:5, I, III; Atwater, 160 N.H. at 508-10 (explaining that the timing requirement under RSA 676:5 to appeal a planning board's decision to the ZBA begins when the decision is final as it pertains to the zoning issue). Although the plaintiffs could have challenged the jurisdictional determinations of the ZBA and the superior court in an appeal to this court, they elected not to do so. The superior court's order, therefore, became final in May 2021. See Sup. Ct. R. 7(1)(A), (C); Super. Ct. R. 46(d). Concurrent with the appeal to the ZBA, the plaintiffs also appealed the

5

planning board's final decision directly to the superior court, which the superior court upheld in its July 2021 order.  See RSA 677:15, I.

The appeal now before this court challenges the superior court's July 2021 order upholding the planning board's final decision to approve the intervenor's site plan application.  See RSA 677:15, I.  The superior court's March 2021 order, which is not on appeal to this court, pertains to the planning board's decision that the intervenor's proposed use complies with the zoning ordinance.  See RSA 676:5, III.  Although both orders concern the planning board's final decision in June 2020, they pertain to different components of the decision and are separate and distinct from each other.

Accordingly, to the extent that the plaintiffs now ask us to review the trial court's March 2021 affirmance of the ZBA's decision that it lacked jurisdiction to consider the zoning issue on the merits and the court's conclusion that it lacked jurisdiction to hear the appeal, the issue is not properly before us.  An order becomes a final judgment and all appeals are waived when "a timely filed motion has been filed after verdict or decree, on the 31st day from the date on the court's written notice that the court has taken action on the motion."  Super. Ct. R. 46(d)(2); see also Sup. Ct. R. 7(1)(A), (C).  Because the plaintiffs did not appeal that order to this court, it became final in May 2021 and all appeals are deemed waived.[1]  See Sup. Ct. R. 7(1)(A), (C); Super. Ct. R. 46(d).

The plaintiffs nonetheless argue that RSA 677:15, I-a(b) grants them the right to raise their zoning arguments for superior court review in their direct appeal from the planning board's June 2020 final decision.  RSA 677:15, I-a(b) provides that if, on appeal to the superior court from a planning board decision, either the court or the parties recognize that "any matters contained in the appeal should have been appealed to the board of adjustment under RSA 676:5, III, the court shall issue an order to that effect, and shall stay proceedings on any remaining matters until final resolution of all matters before the board of adjustment."  The aggrieved party has thirty days to present the issue to the board of adjustment under RSA 676:5, III.  RSA 677:15, I-a(b).  RSA 677:15, I-a(b) further provides that "[e]xcept as provided in this paragraph, no matter contained in the appeal shall be dismissed on the basis that it should have been appealed to the board of adjustment under RSA 676:5, III."  Relying on this language, the plaintiffs argue that if the Town and the intervenor "felt that appeal to the [ZBA] was necessary, they legally had every right to request it [in prior proceedings],but elected not to exercise that

---

[1] The plaintiffs raise several other arguments as to why the superior court erred in not reaching the merits of the zoning issue.  Although those arguments could have been raised in an appeal to this court from the superior court's March 2021 order, the plaintiffs did not appeal that decision.  Accordingly, because the issue is not properly before us, we are not in a position to consider the ZBA's actions.

right.  On the other hand, if neither the court nor the parties raise the issue in a timely manner, RSA 677:15, I-a(b) compels the superior court to act on appeal."  Therefore, argue the plaintiffs, the superior court "erred in violation of RSA 677:15, I-a(b) by not addressing the zoning argument" that they properly raised.  We disagree.

RSA 677:15, I-a(b) provides parties with the opportunity to exhaust their administrative remedies on a zoning issue if the parties have not already sought ZBA review.  Here, the plaintiffs attempted to exhaust their administrative remedies when they appealed the planning board's June 2020 decision to the ZBA pursuant to RSA 676:5, III, but the ZBA dismissed the appeal for lack of jurisdiction.  Therefore, RSA 677:15, I-a(b) does not apply to the circumstances at issue in this appeal because the plaintiffs already sought ZBA review of the planning board's June 2020 decision.  Moreover, if the superior court had considered the zoning issue on the merits, it would have improperly permitted the plaintiffs a second appeal of the ZBA's determination.

## B.  Regional Impact Determination Claims

The plaintiffs' second argument challenges the superior court's conclusions that the planning board made a regional impact determination pursuant to RSA 36:56.  RSA 677:15 (2016) governs a trial court's review of a planning board's decision.  The trial court "may reverse or affirm, wholly or partly, or may modify the decision brought up for review when there is an error of law or when the court is persuaded by the balance of probabilities, on the evidence before it, that [the board's] decision is unreasonable."  RSA 677:15, V. The trial court must treat the factual findings of the planning board as prima facie lawful and reasonable and cannot set aside its decision absent unreasonableness or an identified error of law.  Girard v. Town of Plymouth, 172 N.H. 576, 581 (2019).  The appealing party bears the burden of persuading the trial court that, by the balance of probabilities, the board's decision was unreasonable.  Id.  The trial court's review is limited; it does not determine whether it agrees with the planning board's findings, but whether there is evidence upon which its findings could have reasonably been based.  Id.

Our review is similarly limited.  We will reverse a trial court's decision on appeal only if it is not supported by the evidence or is legally erroneous.  Id. We review the trial court's decision to determine whether a reasonable person could have reached the same decision as the trial court based upon the evidence before it.  Id. at 582.

The plaintiffs argue that the planning board's decision is void "ab initio" because the board did not comply with statutory notice provisions when it "failed to make a determination of regional impact regarding the application required under RSA 36:56."  We disagree.  As a threshold matter, the Town and the intervenor contend that the plaintiffs failed to adequately preserve this

7

argument. For the purposes of this appeal, we will assume that the plaintiffs have preserved this argument for our review. On the merits, we conclude that the planning board adequately considered the potential for regional impact.

A "development of regional impact" is defined as "any proposal before a local land use board which in the determination of such local land use board could reasonably be expected to impact on a neighboring municipality" due to numerous enumerated factors. RSA 36:55 (2019). A local land use board must promptly review applications for development and "determine whether or not the development, if approved, reasonably could be construed as having the potential for regional impact." RSA 36:56, I.

Here, the superior court concluded that the planning board considered and implicitly found that the project did not have a potential for regional impact. The court noted that at the June 2019 public hearing, the Town's Planning Director discussed regional impact issues and testified that in his sixteen years of experience, he had never worked on a commercial development that had caused any regional impact and that the traffic impact from the intervenor's proposal was "nominal." Further, the superior court explained that the planning board was aware that the project would not impact ground or surface water, that the site was located in the center of the town, and that the project would minimally affect traffic in the area. Based upon this evidence in the record, we agree with the superior court's conclusion that "[w]hen it approved [the intervenor's] proposal, the Planning Board implicitly found that there was no potential for regional impact," see RSA 36:56, I, and that this decision was neither unreasonable nor legally erroneous. Cf. Prop. Portfolio Group v. Town of Derry, 163 N.H. 754, 758-59 (2012) (holding that the planning board was not required to make specific findings of fact prior to granting a waiver from the town's site plan regulations). Because we conclude that the planning board reasonably determined that the site plan had no potential for regional impact, the planning board did not, contrary to the plaintiffs' argument, fail to comply with statutory notice requirements. See RSA 36:57 (requiring a local land use board, "[u]pon determination that a proposed development has a potential regional impact," to provide notice to affected municipalities and the regional planning commission).

### C. Claims that the Decision was Unlawful and Unreasonable

Finally, the plaintiffs argue that the superior court erred in affirming the planning board's decision because it was otherwise unlawful or unreasonable. Specifically, the plaintiffs claim that: (1) the location of an industrial use next to a residential neighborhood is per se unreasonable; (2) there are insufficient visual buffers between the equipment and the residents; (3) the industrial washing facility will impact the aquifer, wetlands, and ground and surface water; (4) the groundwater monitoring system does not address or resolve

potential contamination issues; and (5) the project threatens the abutters' quiet enjoyment of their properties.  We disagree.

The superior court thoroughly considered the entire record submitted on appeal.  In reaching its decision, the court recognized that the planning board subjected the intervenor's application to "a rigorous site plan review process," including numerous public hearings and a site visit, multiple technical reviews by KNA, the Town's outside consultant, and consultation with the Town's Conservation Commission.  Moreover, the court observed that "[a]t each stage of the process, [the] abutters' concerns about water quality, wetlands preservation, pollution, noise, and buffering were addressed by [the intervenor] and/or the Planning Board."  Consequently, the superior court concluded that "the record reflects that the Planning Board adequately considered [the] abutters' concerns and interests."  Based on our review of the superior court's order and the record, we conclude that the superior court did not err in finding that the planning board acted reasonably and lawfully in approving the intervenor's site plan application.

### III.  Conclusion

For the foregoing reasons, we conclude that the superior court did not err in declining to consider the merits of the zoning issue and in affirming the planning board's decision to approve the intervenor's site plan application.  Accordingly, we affirm.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

9