**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2024-0412, <u>Appeal of Richard Craig Smeeth & a.</u>, the court on July 29, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The plaintiffs, Richard Craig Smeeth, Sharin Smeeth, Robert Fournier, Annmarie Fournier, Stanley Zabierek, Louise Delpapa, Gregory Caltabiano, Soyoo Caltabiano, Elizabeth Freeman, Christopher O'Leary, Colin Carroll, and Nancy Clark, appeal an order of the New Hampshire Housing Appeals Board (HAB) dismissing their appeal from the Town of New Ipswich Zoning Board of Adjustment (ZBA) as barred by the statute of limitations. On appeal, the plaintiffs argue that their claims are not barred by the statute of limitations because they timely refiled a second action before the HAB pursuant to RSA 508:10 (2010). We conclude that the plaintiffs have failed to preserve their arguments for appellate review. Accordingly, we affirm.

The record reflects the following facts, or they are undisputed. On June 23, 2023, the plaintiffs filed a petition for appeal of a decision of the Town of New Ipswich Planning Board (Board) in the superior court. During the pendency of the superior court case, the plaintiffs litigated their appeal of the instant action to the ZBA. After the ZBA dismissed their appeal, the plaintiffs filed a motion for rehearing before the ZBA. The ZBA denied the plaintiffs' motion for rehearing, and the plaintiffs then filed a motion to amend their June 23, 2023 petition in superior court to add the current ZBA action to that pending action. The superior court remanded the June 23, 2023 petition to the Board, and stated that the ZBA appeal at issue here "should be filed as a separate action."

The plaintiffs then refiled their petition for appeal of the ZBA decision with the HAB. The intervenors filed a motion to dismiss, arguing in part that the plaintiffs' HAB appeal was untimely. The HAB agreed with the intervenors and dismissed the plaintiffs' appeal from the ZBA as untimely because it was not filed within thirty days of the decision on their motion for rehearing before the ZBA. <u>See</u> RSA 679:6, I (Supp. 2024) (providing that HAB appeals must be filed within thirty days of the final decision of a municipal board, committee, or commission). The plaintiffs moved for reconsideration, arguing that their original superior court appeal of this action was timely filed pursuant to RSA 677:4 (2016) (providing that aggrieved parties may appeal ZBA decisions to the superior court within thirty days of the denial of a motion for rehearing). The

plaintiffs asserted that the HAB erred by overlooking or misapprehending the superior court order that directed them to refile their claims as a new action. The HAB denied the motion. This appeal followed.

At the outset, we observe that both counsel agreed at oral argument that the superior court's failure to grant the plaintiffs' motion to amend was error. See RSA 677:15, I-a(a) (2016) (providing that, if part of an appeal of a planning board's decision is pending in superior court, and if any parts of the matter are appealable to the ZBA, the court shall stay the appeal until resolution of all matters, and the aggrieved party may appeal those additional matters to superior court after their final resolution). However, the superior court's denial of the plaintiffs' motion to amend is not at issue on appeal. Our review is limited to whether the plaintiffs' HAB appeal was timely.

In this court, the plaintiffs argue that their HAB appeal should be deemed timely filed because their original superior court appeal was timely filed pursuant to RSA 677:4. They assert that because the suit was dismissed without prejudice, RSA 508:10 applies to grant them one year to refile their petition for appeal of the ZBA's decision as a new action before the HAB. The defendant and the intervenors argue that the plaintiffs failed to preserve their arguments because the "applicability of RSA 508:10 was not raised in the [HAB] matter" and the plaintiffs made "no mention of RSA 508:10 or the second suit doctrine" before the HAB.

Upon our review of the record, we conclude that the plaintiffs did not invoke RSA 508:10 or the second suit doctrine before the HAB. Instead, the plaintiffs relied upon their compliance with RSA 677:4 in their superior court appeal and the superior court's order as the basis to argue that their HAB appeal should be deemed timely. Those arguments are insufficient to preserve the arguments on appeal pertaining to RSA 508:10. Accordingly, the plaintiffs' arguments are not preserved for appellate review, and we decline to address them. See Old Street Barn v. Town of Peterborough, 147 N.H. 254, 258 (2001) (concluding argument was not preserved because it was not raised in plaintiff's motion for rehearing or considered by the superior court); Atwater v. Town of Plainfield, 160 N.H. 503, 511-12 (2010) (concluding arguments not raised in motion for reconsideration before ZBA were not preserved).

Affirmed.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2