NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Grafton
No. 2013-680

DARYL DEMBIEC & a.

v.

TOWN OF HOLDERNESS

Argued: May 15, 2014
Opinion Issued: November 13, 2014

Bernstein, Shur, Sawyer & Nelson, P.A., of Manchester (Roy W. Tilsley and Christopher G. Aslin on the brief, and Mr. Tilsley orally), for the petitioners.

Mitchell Municipal Group, P.A., of Laconia (Walter L. Mitchell and Steven M. Whitley on the brief, and Mr. Mitchell orally), for the respondent.

BASSETT, J. The petitioners, Daryl and Marcy Dembiec, appeal an order of the Superior Court (Vaughan, J.) dismissing their petition for equitable relief. The trial court ruled that it lacked jurisdiction to hear the petitioners' municipal estoppel claim because they had failed to exhaust their administrative remedies. The petitioners argue that the trial court had jurisdiction over their claim because they were not required to first raise it before the zoning board of adjustment. We reverse and remand.

In October 2011, the petitioners obtained a permit from the respondent, the Town of Holderness (Town), to construct a single family home. Before the permit was issued, the only structure on the property was a two-story boathouse with living quarters on the second floor. After obtaining the permit, the petitioners began construction of a single family home.

In April 2012, when construction of the home was substantially completed, the Town's compliance officer advised the petitioners that he would not issue a certificate of compliance for their new home because the existing boathouse contained a dwelling unit, and the applicable zoning ordinance allowed two dwellings on a lot only when they are in the same structure, such as in a duplex. The compliance officer informed the petitioners that, before he could issue a certificate of compliance, they would need either to obtain a variance or to remove "all plumbing" from the boathouse.

The petitioners then applied to the zoning board of adjustment for an equitable waiver from the ordinance. See RSA 674:33-a (2008). Two intervenors objected to the petitioners' request. The board originally granted the waiver, but on rehearing, denied it. The petitioners later sought a variance. The board denied their application. See RSA 674:33 (Supp. 2012) (amended 2013). The petitioners aver, and the Town does not dispute, that they filed the instant petition with the court at the same time that they applied to the zoning board for a variance.

In their petition, the petitioners seek a declaration that, because the Town issued a building permit, it is "estopped from enforcing the one dwelling per unit lot provision of the zoning ordinance as applied to the Property." They also request an order requiring the Town to issue certificates of compliance and occupancy for the single family house. The Town moved to dismiss the petition, arguing that the trial court lacked jurisdiction because the petitioners had not appealed the decision of the compliance officer to the zoning board, and, therefore, had failed to exhaust their administrative remedies. The trial court dismissed the petition, and this appeal followed.

"Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the [petitioners'] pleadings sufficiently establish a basis upon which relief may be granted." Atwater v. Town of Plainfield, 160 N.H. 503, 507 (2010) (quotation omitted). In making this determination, the court would normally accept all facts pleaded by the petitioners as true and view those facts in the light most favorable to them. Id. However, when the motion to dismiss raises certain defenses, the trial court must look beyond the petitioners' unsubstantiated allegations and determine, based upon the facts, whether the petitioners have sufficiently demonstrated their right to claim relief. Id. An assertion that a claim should be dismissed because the trial court lacks jurisdiction to hear the claim due to the petitioners' failure to exhaust their administrative remedies is one such

defense.  Id.  "We will uphold a trial court's ruling in such a case unless its decision is not supported by the evidence or is legally erroneous."  Id.

Ordinarily, parties must exhaust their administrative remedies before appealing to the courts.  McNamara v. Hersh, 157 N.H. 72, 74 (2008).  This rule is "based on the reasonable policies of encouraging the exercise of administrative expertise, preserving agency autonomy and promoting judicial efficiency."  Id. (quotation omitted).  However, "[w]e have recognized that the exhaustion of administrative remedies doctrine is flexible, and that exhaustion is not required under certain circumstances."  Porter v. City of Manchester, 151 N.H. 30, 40 (2004).  "In limited situations, it is unnecessary to burden local legislative bodies and zoning boards with the responsibility for rulings on subjects that are beyond their ordinary competence."  McNamara, 157 N.H. at 74 (quotation and brackets omitted).  "Thus, a petitioner need not exhaust administrative remedies and may bring a declaratory judgment action to challenge the decisions of municipal officers and boards when the action raises a question that is peculiarly suited to judicial rather than administrative treatment and no other adequate remedy is available."  Id. (quotation omitted).  "Judicial treatment may be particularly suitable when the constitutionality or validity of an ordinance is in question."  Id.

We have decided many cases under this first exception to the exhaustion requirement; we have also recognized that exhaustion is not required "when further administrative action would be useless."  Porter, 151 N.H. at 40; see DeVere v. State of N.H., 149 N.H. 674, 676-77 (2003) (holding that exhaustion would be futile, and, therefore, was not required when matter had been pending for more than five years without resolution, and State conceded that agency would have denied plaintiff's request).  For instance, we have concluded that exhaustion is not required when "the agency at issue lacks authority to act."  McNamara, 157 N.H. at 74; see Metzger v. Brentwood, 115 N.H. 287, 290 (1975); see also 3 E. Ziegler, Jr., Rathkopf's The Law of Zoning and Planning § 55:13, at 55-27 to 55-29 (2012) (exhaustion is not required when administrative body lacks power to grant relief).  Here, we are persuaded that appealing the compliance officer's decision to the zoning board would have been useless because the zoning board lacked the authority to grant the requested relief.  Thus, we conclude that exhaustion is not required.

At the outset, we note that some of our prior cases involve municipal estoppel claims that initially had been asserted at the zoning board.  See Thomas v. Town of Hooksett, 153 N.H. 717, 721 (2006); see also Aranosian Oil Co. v. City of Portsmouth, 136 N.H. 57, 61 (1992).  In those cases, however, we did not address whether the zoning board had jurisdiction to decide such claims.  See Thomas, 153 N.H. at 721-25; Aranosian Oil Co., 136 N.H. at 61.  We agree with the United States Supreme Court that "when questions of jurisdiction have been passed on in prior decisions sub silentio," we are not "bound when a subsequent case finally brings the jurisdictional issue before

3

us." Hagans v. Lavine, 415 U.S. 528, 535 n.5 (1974); see State v. Duncan, 166 N.H. ___, ___ (decided August 28, 2014) (quoting Hagans, 415 U.S. at 535 n.5). Because the question of zoning board jurisdiction now before us was not raised in our prior cases and was not explicitly addressed, we are not bound by them. The instant case "finally brings the jurisdictional issue before us." Hagans, 415 U.S. at 535 n.5.

Whether a zoning board of adjustment has jurisdiction to decide a municipal estoppel claim is a question of law, which we review de novo. See Gordon v. Town of Rye, 162 N.H. 144, 150 (2011). Zoning boards of adjustment are created by statute, see RSA 673:1, IV (Supp. 2013), and have only those powers that are expressly conferred upon them by statute or are necessarily implied by those statutory grants. See Board of Water Comm'rs, Laconia Water Works v. Mooney, 139 N.H. 621, 625 (1995) (explaining that "a municipality may not delegate to a municipal board more power than the municipality has" (quotation and brackets omitted)); cf. 74 Cox St. v. City of Nashua, 156 N.H. 228, 231 (2007) (deciding that zoning board's power to grant or deny requests for rehearing included authority to reconsider decisions to deny rehearing). Accordingly, we begin by interpreting the relevant statutory scheme.

We are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. Gordon, 162 N.H. at 150. When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We interpret a statute in the context of the overall statutory scheme and not in isolation. Id.

Pursuant to RSA 674:33, a zoning board has the power to: (1) "[h]ear and decide appeals if it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of any zoning ordinance," and "reverse or affirm, wholly or in part, or . . . modify the order, requirement, decision, or determination appealed from and . . . make such order or decision as ought to be made and, to that end, shall have all the powers of the administrative official from whom the appeal is taken"; (2) grant variances under certain statutorily-described conditions; and (3) if authorized by the zoning ordinance, "make special exceptions to the terms of the ordinance" under certain statutorily-prescribed conditions. Additionally, RSA 674:33-a authorizes a zoning board to grant an "equitable waiver" from a "dimensional requirement imposed by a zoning ordinance."

The plain language of the pertinent statutes does not confer general equitable jurisdiction upon a zoning board. Cf. Real Estate Planners v. Town of Newmarket, 134 N.H. 696, 700 (1991) (explaining that the superior court "has broad and flexible equitable powers which allow it to shape and adjust the

4

precise relief to the requirements of the particular situation" (quotations omitted)).  Under those statutes, a zoning board has the authority to grant equitable relief from a zoning ordinance only when the statutory prerequisites for an equitable waiver, a variance, or a special exception are satisfied.  See RSA 674:33, :33-a.  The applicable statutes do not confer upon a zoning board of adjustment the power to grant relief under the equitable doctrine of municipal estoppel.  See Sutton v. Town of Gilford, 160 N.H. 43, 58 (2010) (acknowledging that municipal estoppel is an equitable doctrine and setting forth the elements thereof).  Accordingly, in the instant case, the zoning board would have had no authority under a municipal estoppel theory to order the compliance officer to issue a certificate of compliance to the petitioners given that their new home indisputably failed to comply with the ordinance.  In other words, the zoning board could not have compelled the compliance officer to violate the ordinance merely because doing so, arguably, would have been "equitable."

Nor could the zoning board have granted any relief to the petitioners under the applicable statutes or the Town's ordinance because their new home violated the ordinance, and they failed to meet the requirements for either a variance or an equitable waiver from dimensional requirements.  Under those circumstances, we conclude that further pursuit of administrative remedies would have been futile, and, therefore, exhaustion of remedies is not required.

Our conclusion comports with decisions in numerous other jurisdictions. See Fields v. Kodiak City Council, 628 P.2d 927, 931 (Alaska 1981) (zoning board's authority "is restricted to that provided by the zoning ordinance and its enabling legislation" and, under that scheme, board lacked authority to decide equitable questions of estoppel and "clean hands"); Carini v. Zoning Bd. of App. of Town of W. Hartford, 319 A.2d 390, 393 (Conn. 1972) (zoning board's function is not to consider matters such as estoppel or laches in determining whether a variance should be granted); Bianco v. Town of Darien, 254 A.2d 898, 901 (Conn. 1969) (exhaustion of administrative remedies is not required for an action seeking equitable relief because such claims "are not susceptible of determination by a zoning board . . . composed of laymen but can only be resolved in a judicial proceeding"); Forest County v. Goode, 579 N.W.2d 715, 722 (Wis. 1998) (zoning board "has no equitable power").  But see Vaughn v. Zoning Hearing Bd. of Shaler, 947 A.2d 218, 223-24 (Pa. Commw. Ct. 2008) (zoning board had jurisdiction to grant a "variance by estoppel").

We reject the Town's assertion that what is at issue here is the "construction, interpretation or application of the terms of the ordinance," RSA 676:5, II(b).  Here, there is no dispute as to what the ordinance says or how it applies to the petitioners' property.  It is undisputed that the ordinance allows two dwellings on a lot only when they are in the same structure and that, here, the petitioners have two dwelling units on a single lot, each occupying a separate structure.  The petitioners are not challenging the compliance officer's

5

"construction, interpretation, or application" of the ordinance or the correctness of his refusal to issue a certificate of compliance. RSA 676:5, II(b). Rather, their claim is that even though the compliance officer <u>correctly</u> interpreted the zoning ordinance, it is inequitable for him to decline to issue a certificate of compliance because the petitioners reasonably relied upon the building permit issued by the Town. That type of equitable claim is not one that the legislature has empowered the zoning board of adjustment to hear.

We also disagree with the Town that exhaustion of administrative remedies is required merely because a municipal estoppel claim requires resolving factual issues. This argument fails to take into account that we apply our exhaustion of remedies doctrine flexibly. <u>McNamara</u>, 157 N.H. at 74. Although we have stated that "typically," exhaustion is required "where the issue involves substantial issues of fact," <u>Bosonetto v. Town of Richmond</u>, 163 N.H. 736, 744 (2012), exhaustion under such circumstances is not <u>always</u> required, particularly, when, as in this case, resolving the factual issues does not require "specialized administrative understanding," and when further pursuit of administrative remedies would be futile. <u>McNamara</u>, 157 N.H. at 74 (quotation omitted).

To the extent that the Town likens the municipal estoppel claim in this case to that in <u>Collden Corp. v. Town of Wolfeboro</u>, 159 N.H. 747, 752-53 (2010), we observe that the two claims are dissimilar. In <u>Collden Corp.</u>, the property owner's municipal estoppel claim was "essentially an appeal of a planning board determination" that that board's prior approval of a subdivision had expired. <u>Collden Corp.</u>, 159 N.H. at 753 (quotation omitted). The municipal estoppel claim in <u>Collden Corp.</u> was just another way of arguing that the planning board had erred when it determined that its approval had expired. <u>See</u> <u>id</u>. By contrast, in this case, the municipal estoppel claim is not predicated upon a contention that the compliance officer erred. Rather, it is a new claim for relief.

The Town relies upon <u>Bosonetto</u> as support for the following assertion: "Estoppel cannot be claimed to circumvent compliance with the requirements of RSA 676:5 and RSA 677, <u>et</u> <u>seq</u>." Even if we assume that this assertion is correct, here, as we have already explained, the petitioners have not asserted a municipal estoppel claim to avoid application of a statute.

Finally, we recognize that a zoning board of adjustment may consider general equitable principles when exercising its discretion to grant a variance or make some other decision within its statutory grant of authority. However, the consideration of equitable principles does not equate to a general grant of equitable jurisdiction.

6

Accordingly, we hold that the petitioners' assertion of a municipal estoppel claim for the first time in the trial court is not barred by the exhaustion of administrative remedies doctrine. We, therefore, reverse the trial court's dismissal of the petitioners' action for lack of jurisdiction, and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.