NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Grafton
No. 2020-0034


NEW HAMPSHIRE ALPHA OF SAE TRUST

v.

TOWN OF HANOVER

Argued: November 17, 2020
Opinion Issued: May 25, 2021


Cole Associates Civil Law, PLLC, of Lebanon (Carolyn K. Cole on the brief and orally), for the plaintiff.


Mitchell Municipal Group, P.A., of Laconia (Laura Spector-Morgan on the brief and orally), for the defendant.


HANTZ MARCONI, J. The plaintiff, New Hampshire Alpha of SAE Trust (SAE), appeals an order of the Superior Court (MacLeod, J.) ruling that the Town of Hanover Zoning Board of Adjustment (ZBA) has subject matter jurisdiction to hear SAE's administrative appeal in the related case of New Hampshire Alpha of SAE Trust v. Town of Hanover, 172 N.H. 69 (2019) (SAE I). The defendant, the Town of Hanover (Town), filed a cross-appeal of the trial court's denial of its request for attorney's fees. We affirm.

## I. Factual Background & Procedural History

The following facts were found by the trial court or are otherwise supported by the record. On February 12, 2016, the zoning administrator for the Town issued a "Notice of Zoning Violation" (the Notice) to SAE. It provided in relevant part:

> The Planning & Zoning office has been notified by Dartmouth College that the chapter charter of the New Hampshire Alpha Chapter of Sigma Alpha Epsilon has been suspended by the national organization.
>
> Subsequent to that notification, Dartmouth College notified the Sigma Alpha Epsilon fraternity that they are officially derecognized by Dartmouth College, and that effective March 15, 2016, the facility located at 38 College Street will no longer be able to be occupied.
>
> The Adopted Zoning Ordinance requires that student residences in the "I" Institution zoning district be operated in conjunction with another institutional use [Section 902]. Because it has been derecognized by Dartmouth College, the SAE facility is no longer being operated in conjunction with an institutional use. Therefore, the continued use of the property as a residence is a violation of the zoning ordinance.
>
> Continued occupancy of the property after March 15, 2016 will subject the SAE fraternity to fines in the amount of $275 per day for each day the violation continues. [RSA 676:17]
>
> This is an Administrative Decision, which you have the right to appeal to the Zoning Board of Adjustment. Should you wish to appeal, you have seven (7) days from the date of the receipt of this Notice of Violation to file an appeal. [Adopted Zoning Ordinance, Section 1005.2]

SAE appealed the Notice to the ZBA, which initially concluded that SAE had demonstrated a lawful nonconforming use in regard to the "in conjunction with" requirement referenced in the Notice. The ZBA therefore granted the appeal. Following a rehearing at the request of Dartmouth College, however, the ZBA reversed its decision and denied SAE's appeal. SAE appealed the ZBA's decision to the trial court, which affirmed the decision. SAE then appealed the ruling to this court, which affirmed in part, vacated in part, and remanded for further proceedings. See SAE I, 172 N.H. at 78.

While that case was pending before the ZBA on remand, SAE filed in the trial court this petition for declaratory judgment arguing that the ZBA did not have subject matter jurisdiction over SAE's appeal from the Notice in the first instance, and that the courts did not have subject matter jurisdiction to review the ZBA's decision as a result. SAE argued that: (1) the zoning administrator's Notice commenced an informal enforcement proceeding against SAE; (2) SAE's challenge was to the zoning administrator's decision to institute an enforcement proceeding, not to the construction, application or interpretation of the ordinance; (3) the courts, and not the ZBA, have exclusive jurisdiction to adjudicate alleged violations of zoning ordinances; and (4) the ZBA violated SAE's right to due process by unlawfully shifting the burden of proof to SAE. The Town moved to dismiss and requested an award of attorney's fees.

Following a hearing, the trial court denied SAE's petition for declaratory judgment and rejected SAE's argument that the Notice was not appealable to the ZBA as a "decision of the administrative officer," as that phrase is defined in RSA 676:5, II(b), because it constituted a discretionary decision to commence formal or informal enforcement proceedings. The trial court determined that a notice of violation is "simply a notice from the municipality informing a defendant that the municipality believes that he or she is not in compliance with the zoning ordinance" in order to give the defendant an opportunity to remedy the alleged violation before an enforcement proceeding is commenced. The court observed that the Notice in this case explained the reason for the zoning administrator's decision that SAE was in violation of the zoning ordinance and the possible penalties for a continuing violation, but it did not order SAE to take or avoid any actions, and did not impose any penalty. Thus, the trial court concluded, the Notice was an administrative decision involving the construction, interpretation or application of the ordinance, not a discretionary decision to commence formal or informal enforcement proceedings. Accordingly, the court ruled that the ZBA had jurisdiction to hear the appeal pursuant to RSA 674:33, I(a)(1) and RSA 676:5, I.

The trial court also rejected SAE's argument that, under Town of Derry v. Simonsen, 117 N.H. 1010 (1977), the ZBA's jurisdiction is limited to appeals involving special exceptions and variances. The court observed that, following our decision in Simonsen, the legislature amended RSA 676:5 by defining the types of cases over which zoning boards have jurisdiction and expressly included decisions of an administrative officer involving the construction, interpretation or application of a zoning ordinance. The trial court concluded that, to the extent Simonsen held that the ZBA's jurisdiction is limited to reviewing special exceptions and variances, it had been abrogated by the legislature's amendment to RSA 676:5.

Responding to SAE's remaining arguments, the trial court deemed without merit SAE's argument that, because RSA 676:17 defines a violation of a zoning ordinance as a criminal offense, the ZBA does not have jurisdiction to

3

hear SAE's appeal of the Notice. The trial court noted that the hearings before the ZBA were not proceedings in a criminal case, the ZBA did not seek to impose criminal penalties, and neither the Notice nor SAE's appeal to the ZBA could be characterized as a "prosecution of any violation of a local ordinance." See RSA 502-A:11-a, I (2010). The court also rejected SAE's due process argument, stating that SAE was not deprived of any ascertainable interest protected by law as a result of the Notice or SAE's appeal to the ZBA. The court denied the Town's motion for attorney's fees without explanation. This appeal and cross-appeal followed.

## II. Standard of Review

Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought – the extent to which a court can rule on the conduct of persons or the status of things. Gordon v. Town of Rye, 162 N.H. 144, 149 (2011). In other words, it is a tribunal's authority to adjudicate the type of controversy involved in the action. Id. A tribunal lacks power to hear or determine a case that concerns subject matter over which it has no jurisdiction. Id. Thus, in the absence of subject matter jurisdiction, a tribunal's order is void and the appellate tribunal acquires no jurisdiction of the merits upon appeal. See Daine v. Daine, 157 N.H. 426, 428 (2008). A party may challenge subject matter jurisdiction at any time during the proceeding, including on appeal, and may not waive subject matter jurisdiction. Gordon, 162 N.H. at 149. Whether the ZBA had subject matter jurisdiction to hear SAE's appeal presents a question of law that we review de novo. Id. at 150.

Because the ZBA's powers and jurisdiction are governed by statute, see RSA 674:33 (Supp. 2020); RSA 676:5 (2016); see also RSA 674:16 (2016), resolution of this appeal requires us to engage in statutory interpretation. We are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. Dembiec v. Town of Holderness, 167 N.H. 130, 134 (2014). When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. Id. at 134-35. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. at 135. We interpret a statute in the context of the overall statutory scheme and not in isolation. Id.

## III. Discussion

### A. Jurisdiction of the ZBA

The trial court ruled that the ZBA had jurisdiction over SAE's appeal because the Notice was an administrative decision involving the construction, interpretation or application of the ordinance, not a discretionary decision to

4

commence enforcement proceedings.  See RSA 676:5, II(b).  On appeal, SAE argues that the trial court erred because the Notice is part and parcel of the statutory enforcement procedures, see RSA 676:17 (2016); RSA 676:17-b (2016); RSA 31:39-c (2019), and, as such, is appealable to the courts, not the ZBA.  The Town responds that the Notice is not a decision to commence enforcement proceedings, and that SAE seeks to conflate a notice of violation and actual prosecution of a zoning violation.  The Town contends, however, that even if a notice of violation commences formal or informal enforcement proceedings, the ZBA had jurisdiction to review SAE's appeal because the Notice was a decision by an administrative officer involving the construction, interpretation or application of the terms of a zoning ordinance.  See RSA 676:5, I, II.  A review of the relevant statutes illustrates that a notice of violation can serve both as the starting point of an enforcement action that must be brought in court, and as a notice of a municipality's administrative determination providing grounds for an administrative appeal.

We observe that fines begin to accrue for an alleged zoning violation "after the conviction date or after the date on which the violator receives written notice from the municipality that the violator is in violation, whichever is earlier."  RSA 676:17, I.  Further, administrative officials with the authority to prosecute an offense within the scope of RSA 676:17 are not permitted to serve a local land use citation "unless the defendant has first been given written notice of the violation by the municipality."  RSA 676:17-b, I.  Indeed, a municipality is permitted to use a "written notice of violation containing a description of the offense and any applicable schedule of penalties" in "the enforcement of its ordinances and regulations."  RSA 31:39-c; see also RSA 674:33-a (2016) (equitable waiver of dimensional requirement permitted if "no enforcement action, including written notice of violation, has been commenced").  Thus, we would be remiss to conclude that, as a matter of law, a notice of violation is not part of an enforcement action.

However, the statutory scheme expressly contemplates circumstances in which a dispute over a notice of violation is appealable to the ZBA. Municipalities are required to set forth a reasonable period for appealing a notice of violation to the ZBA, and land use citations may not be served until the end of such period "[i]f the notice involves or includes a decision which may be appealed to the zoning board of adjustment pursuant to RSA 676:5."  RSA 676:17-b, I.  "[A]ny person aggrieved . . . by any decision of the administrative officer" may appeal to the ZBA "concerning any matter within the board's power as set forth in RSA 674:33."  RSA 676:5, I.  The "administrative officer" is "any official or board" who has the responsibility for issuing permits and certificates or enforcing zoning ordinances, "and may include a building inspector, board of selectmen, or other official or board with such responsibility."  RSA 676:5, II(a). A "decision of the administrative officer" is "any decision involving construction, interpretation or application of the terms of the ordinance."  RSA 676:5, II(b).

5

While a "decision of the administrative officer" specifically excludes "a discretionary decision to commence formal or informal enforcement proceedings," it "does include any construction, interpretation or application of the terms of the ordinance which is implicated in such enforcement proceedings." Id. Pursuant to the plain language of RSA 674:33, the ZBA has the power to "[h]ear and decide appeals if it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of any zoning ordinance adopted pursuant to RSA 674:16." RSA 674:33, I(a)(1). Accordingly, the legislature has determined that a notice of violation can be the proper subject of an administrative appeal. See RSA 676:6 (2016) (instructing that "all proceedings under the action appealed from" shall be stayed in the event of "[a]n appeal [to the ZBA] of any order or other enforcement action").

In sum, a notice of violation can serve as the initiation of an enforcement action and also as the basis for an administrative appeal. The ZBA may hear and decide an administrative appeal of a notice of violation to the extent that it is alleged that the administrative officer committed an error involving the construction, interpretation or application of a zoning ordinance. See RSA 674:33; RSA 676:5. But the ZBA has no authority to hear and decide issues arising from the notice of violation beyond contesting an officer's construction, interpretation or application of a zoning ordinance.[1] See RSA 676:5, I, II(b); RSA 674:33, I, II; see also Simonsen, 117 N.H. at 1013 (stating that challenges to orders "regarding the enforcement of a zoning ordinance should be in the superior court" (emphasis added));[2] Dembiec, 167 N.H. at 133 (stating that "[j]udicial treatment may be particularly suitable when the constitutionality or validity of an ordinance is in question").

Our interpretation of the ZBA's authority does not, as SAE argues, render the exclusionary language of RSA 676:5, II(b) meaningless. That provision prohibits the ZBA from reviewing a "decision to commence formal or informal enforcement proceedings." RSA 676:5, II(b) (emphasis added). By the provision's plain language, the ZBA may not review an administrative official's decision to institute enforcement proceedings. In other words, if an administrative officer exercises discretion to commence an enforcement proceeding against a defendant, the ZBA is powerless to dismiss, withdraw, reverse, or otherwise invalidate that duly instituted proceeding. Such restriction does not, however, prevent the ZBA from reviewing decisions of the

---

[1] To the extent that SAE argues that the trial court erred in the pending case of SAE I by striking, at the Town's urging, constitutional claims from SAE's challenge to the ZBA's decision because the constitutional claims were not first raised to the ZBA, that issue is not before us.

[2] We disagree with the Town's assertion that the legislature's amendment to RSA 676:5 in 1989 abrogated Simonsen in total. Simonsen's central holding — that the enforcement of a zoning ordinance must be brought before the court rather than the ZBA, see Simonsen, 117 N.H. at 1013 — is still consonant with the statutory scheme. See RSA 676:5; RSA 674:33.

6

administrative officer concerning the "construction, interpretation or application of the terms of the ordinance which [are] implicated in such enforcement proceedings." RSA 676:5, II(b); see RSA 674:16; RSA 674:33; Greene v. Town of Deering, 151 N.H. 795, 798-99 (2005).

SAE argues that the Notice and subsequent appeal proceedings at the ZBA are tantamount to a prosecution of SAE for violation of a local zoning ordinance. SAE stresses that the ZBA's affirmance of a zoning administrator's construction, interpretation or application of the zoning ordinance has practically the same effect as establishing a violation in an enforcement proceeding because the Notice was a "formal accusation" by the Town of a zoning violation upon which the ZBA made findings and rulings that the Town might seek to rely upon in a subsequent enforcement action. Thus, SAE argues, the appeals process established by the Town circumvents due process because the Town requires defendants to appeal decisions of the zoning administrator first to the ZBA, even when the decision of the administrator is that a zoning violation exists.[3] SAE observes that, at ZBA hearings, there is no testimony taken under oath or authentication of documents, the board relies on hearsay evidence and provides no right to confront accusers, and "the Town presents no evidence that the violation exists but rather the landowner is required to prove its innocence." In SAE's view, the Town's process is a "hometown pseudo-trial in front of the ZBA" whose findings are relied upon by the Town in subsequent enforcement actions where the risk of penalties being imposed looms.

SAE offers SAE I as a case in point contending that, throughout the review of the Notice by the ZBA and the courts, the issue was described as whether SAE's use of the property as a student residence was "in violation" of the zoning ordinance, equating the interpretation of the ordinance as effectively determining the outcome of the enforcement action. We disagree that the Notice and administrative appeal effectively control the outcome of any subsequent enforcement action. Such a conclusion would be at odds with the statutory framework and due process.

A "violation" in the enforcement context is not the same as the review of an administrative decision. Determining a "violation" is the result of a criminal or civil proceeding in which due process would require, at a minimum, a neutral fact finder in an adjudication in which the burden of proof would be upon the municipality to establish the violation. See RSA 676:17, V. An appeal to the ZBA of the interpretation of an ordinance provision is not such a proceeding. To wit, the Town's ZBA is reviewing an interpretation made by the Town's own zoning administrator in a quasi-judicial proceeding where the

---

[3] The trial court appeared to endorse the concept that the zoning administrator, not the court, determines whether a violation exists when it opined that municipal officials must have the authority to "determine, in the first instance, that a violation had occurred."

applicant bears the burden of proving the interpretation is in error. See CBDA Dev., LLC v. Town of Thornton, 168 N.H. 715, 721 (2016) ("zoning boards act in a quasi-judicial capacity when interpreting a zoning ordinance" (citations omitted)). Review of the board's decision on appeal is deferential — findings of fact by the ZBA are deemed prima facie lawful and reasonable, and the ZBA's legal determinations will be upheld unless unlawful or unreasonable. See RSA 677:6 (2016). These distinctions may prevent findings and rulings made in the administrative review context from underpinning the enforcement action.[4] Moreover, RSA 676:6 imposes a stay, during the time allotted for appealing interpretive decisions to the ZBA, such that fines could not accrue during the pendency.[5]

The ZBA's powers and jurisdiction are established by statute, see RSA 674:16; RSA 674:33; RSA 676:5; see also Ouellette v. Town of Kingston, 157 N.H. 604, 608 (2008). The board has only those powers that are expressly conferred upon it by statute or are necessarily implied by those statutory grants. See Dembiec, 167 N.H. at 134-35. It is beyond dispute that the ZBA lacks the power to convict a party of a crime or impose civil penalties for a violation of a zoning ordinance. Accordingly, we agree with SAE that a municipality seeking to prosecute and impose penalties upon a defendant for an alleged zoning violation must pursue such action in the circuit or superior court. See RSA 676:17, V; RSA 490-F:18 (explaining that statutory references to the district court shall be deemed to be referring to the circuit court). Indeed, the Town agrees "any action brought by the town under RSA 676:15 and/or 676:17 would, in fact, be brought in court." However, we agree with the Town that, at this stage, the Notice and subsequent appeal proceedings at the ZBA are not a prosecution of a zoning violation under RSA 676:15 (2016) or RSA 676:17. See, e.g., Town of Bartlett v. Furlong, 168 N.H. 171, 173 (2015) (selectboard filed a land use citation complaint in the district court seeking civil penalties under RSA 676:17 after a cease and desist order was not complied with); City of Rochester v. Corpening, 153 N.H. 571, 571-72 (2006) (following a notice of violation sent by the city, and no subsequent change in the use of the defendant's properties, the city sought injunctive relief, civil penalties and attorney's fees in superior court pursuant to RSA 676:17).

The record reveals that the proceeding in SAE I is the administrative review: it involves alleged error by the zoning administrator in the construction, interpretation or application of a zoning ordinance as set forth in the Notice.

---

[4] We have recognized that "[u]nder certain circumstances, collateral estoppel may preclude the relitigation of findings made by an administrative board." Tyler v. Hannaford Bros., 161 N.H. 242, 246 (2010). We express no opinion here as to the preclusive effect of a final judgment in an appeal to the ZBA of an administrative officer's construction, interpretation or application of a zoning ordinance in a subsequent enforcement action, as that issue is not before us in this case.

[5] In addition, the Town conceded at oral argument that it would need to restart the clock on any enforcement action or fines arising from this dispute.

8

SAE filed the Town's form for Appeal of an Administrative Decision.  In it, SAE alleged that "The Zoning Administrator incorrectly ruled that the applicant is in violation of the Term Definition 'Student Residence,' 'I' Institutional District."  The ZBA reviewed the zoning administrator's construction, interpretation or application of the ordinance and affirmed the administrator's interpretation.  The trial court, "acting in an appellate capacity and not as a fact finder," upheld the ZBA's decision.  SAE I, 172 N.H. at 77.  In SAE's previous appeal to this court, SAE successfully disputed part of the zoning administrator's construction, interpretation or application of the terms used in the zoning ordinance.  See id. at 73-76 (vacated in part and remanded).  Thus, SAE has challenged the zoning administrator's construction, interpretation or application of the terms of the zoning ordinance contained in the Notice at each stage of the litigation.  The ZBA has the power to hear appeals from decisions that allege such errors.  See RSA 674:33; RSA 676:5.

### B.  Attorney's Fees

Finally, we address the Town's cross-appeal of the trial court's denial of its request for attorney's fees.  The general rule in New Hampshire is that parties pay their own attorney's fees.  DiMinico v. Centennial Estates Coop., 173 N.H. 150, 160 (2020).  A judicially created exception to this rule allows for attorney's fees to be awarded based on bad faith litigation.  Id.  An award of attorney's fees under this exception "is appropriate when one party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, when the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and when it should have been unnecessary for the successful party to have [defended] the action."  Id. at 160-61.  We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion.  Id. at 161.  To warrant reversal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the aggrieved party on that issue.  Id.  In evaluating the trial court's ruling on this issue, we acknowledge the tremendous deference given a trial court's decision regarding attorney's fees.  Id.  If there is some support in the record for the trial court's determination, we will uphold it.  Id.

The Town argues that it is entitled to attorney's fees because SAE's challenge in this case is a frivolous one with no good faith basis in fact or law, and asserts that it was only intended to waste time and needlessly delay final judgment in this matter.  SAE counters that this case raises the issue of subject matter jurisdiction, which may be raised at any time, and that SAE was not motivated by a desire to delay final judgment.  SAE contends that the trial court's denial of the Town's motion implicitly includes a finding that SAE's claims were not frivolous or made in bad faith.

A party may challenge subject matter jurisdiction at any time during a proceeding.  Gordon, 162 N.H. at 149.  Further, we have not directly addressed

9

the jurisdiction of the ZBA to hear an appeal from a notice of violation under RSA 674:33 and RSA 676:5. The Town relies upon Greene to argue that there was no question as to the ZBA's jurisdiction in this case. See Greene, 151 N.H. at 799. However, that case involved residents' appeals from the board's decision to issue a junkyard license, not an appeal from a notice of violation. See id. at 798. Moreover, unlike in this case, there was no occasion in Greene to interpret or consider the significance of the exemption contained in RSA 676:5, II(b). Without evidence of bad faith or intentional delay, the nature of the issue and the arguments made in this case provide "some support in the record for the trial court's determination," and we therefore uphold it. DiMinico, 173 N.H. at 161.

IV. Conclusion

The legislature has conferred jurisdiction upon the ZBA to hear and decide appeals taken by a person aggrieved by a decision made by an administrative officer in the enforcement of a zoning ordinance if the appeal alleges an error in the administrative officer's construction, interpretation or application of the terms of the zoning ordinance. See RSA 674:33; RSA 676:5. The decision resulting from that administrative appeal may not, however, substitute for the process required to prove a violation under the enforcement provisions. See, e.g., RSA 676:15; RSA 676:17. Thus, the zoning administrator's construction, interpretation or application of a zoning ordinance may be appealed to the ZBA, but arguments alleging unconstitutional effects as a result of said determinations or disputing the existence of a violation must be heard by the court. In this case, SAE's appeal to the ZBA sought reversal of the zoning administrator's decision that SAE's property is in violation of the zoning ordinance by alleging that the zoning administrator erred in construing, interpreting or applying the terms of the ordinance. Accordingly, the ZBA had subject matter jurisdiction over SAE's appeal and we affirm the trial court's denial of SAE's petition for declaratory judgment.[6]

Affirmed.

HICKS and DONOVAN, JJ., concurred.

---

[6] The Town's motion to strike portions of the appendix and brief filed by SAE is denied.